UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA GROVE, individually and on behalf of others similarly situated,<br><br>          Plaintiff,<br>- versus -<br><br>MELTECH, INC., H & S CLUB OMAHA, INC., and SHANE HARRINGTON,<br><br>          Defendants. | Case No.: 8:20-cv-193<br><br><br><br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM** |

## INTRODUCTION

Defendants previously filed a motion to dismiss for lack of jurisdiction and improper forum pursuant to FRCP Rule 12(b)(1)(2)(3). Defendants, now having had the opportunity to research the matter and consult with witnesses hereby submit this FRCP Rule 12(b)(6) motion for failure to state a claim. Defendants' three causes of action each fail as a matter of law. The Nebraska Supreme Court ruled in 2018 that the Fair Labor Standards Act (FLSA) doesn't apply to exotic dancers so Plaintiff's two FLSA claims are frivolous and filed in bad faith. Plaintiff's demands for compensation under Nebraska Wage and Hour Act (NWHA) are fraudulent, based upon several perjured affidavits that are refuted by the attached affidavits, declaration, and other evidence. In addition, the court has no supplemental jurisdiction over these NWHA state law claims. Plaintiff Grove's case is based upon two perjured declarations filed by Grove and her unsigned perjured Consent form (Exhibit "A"), a declaration of Destinee Magnuson dated June 4, 2020, that is not signed by Magnuson only her attorney Olena Savytska (Exhibit "B"), a perjured declaration of opt-in Winchell (Exhibit "C"), a perjured declaration of Diana Blanco (Exhibit "D"), two perjured declarations by opt-in Cassandra Schueth (Exhibit "E"), and a perjured opt-in form filed by or on behalf of Rylee Struble "(Exhibit "F").

1

Defendants submits affidavits by Defendant Shane Harrington (Exhibit "G"), former Club Omaha manager Joe Evans (Exhibit "H"), security William Watson (Exhibit "I"), hiring manager Kenzie Weiss (Exhibit "J"), dancer and hostess Jaymie Gann (Exhibit "K"), dancer Sash Seamans (Exhibit "L"), dancer Stephanie Vasquez (Exhibit "M"), former dancer Brandy Kroese (Exhibit "N"), and gold member Adam Smith (Exhibit "O") in support of Defendants' motion to dismiss. Defendants have sent Plaintiff's counsel 18 emails encouraging them to dismiss this case with prejudice in good faith since 5/30/20, including two FRCP Rule 11 sanction notices. Plaintiffs and their attorneys are using unethical, tortious, and criminal acts to solicit clients, suborn perjury, and manufacture a fraudulent labor law case for damages when none exists. Plaintiff has refused to voluntarily dismiss her case with prejudice and submit to AAA arbitration as stipulated in the parties' contracts. Plaintiff has filed a case against Plaintiff Grove with AAA (application Exhibit "P", complaint "Q", and exhibits "R") together with paying the entire filing fee of $2,200. Defendants hereby submit this FRCP Rule 12(b)(6) motion to dismiss for failure to state a claim. Plaintiff's case should be dismissed with prejudice together with that of the opt-ins.

## LEGAL ARGUMENT

### PARTIES

1. Plaintiff sues three parties but only H & S Club Omaha, Inc. owns and operates Club Omaha, the gentlemen's club where Plaintiff worked.

2. MelTech, Inc. as internet-based corporation that develops websites and has nothing to do with Club Omaha. (see Harrington 6/15/20 affidavit Exhibit "W" and Spencer affidavit Exhibit "Y")

3. The contract between Defendant H & S Club Omaha, Inc. and all opt-ins specifically

states that the Performer cannot name a member of the corporation as a Defendant and cannot sue MelTech, Inc. (see Grove contracts Exhibit "S")

4. In addition, Plaintiff has not pleaded any wrongful conduct on behalf of MelTech, Inc. This unrelated corporate entity should therefore be dismissed with prejudice.

5. Defendant Shane Harrington is an improperly named Defendant as Plaintiff and the opt-ins waived their right to sue Harrington individually pursuant to the terms of their contracts. (Exhibit "S")

6. In any event, Plaintiff has not a pleaded a case for liability or damages against Shane Harrington individually and as such, he should be dismissed from this case with prejudice.

7. H & S Club Omaha, Inc. owns and operates Club Omaha, but Plaintiff and the opt-ins have no case against Club Omaha for labor law violations or any other torts.

8. Plaintiff sues for three causes of action, all of which fail as a matter of law.

### FLSA

9. The first two causes of action are under the FLSA but the Nebraska Supreme Court ruled in a nearly identical case where a stripper in Lancaster County, Nebraska at the club Shaker's was suing for wages against such claims: "we find plain error in the court's ruling that Mays was entitled to compensation, overtime compensation, no tip credit, liquidated damages, and attorney fees and costs under the FLSA." *Mays v. Midnite Dreams, Inc.*, 300 Neb. 485, 506 (Neb. 2018)

10. Furthermore, Plaintiff and the opt-ins were never required to tip (see both contracts executed by Grove Exhibit "S"). The 2018 contract is silent regarding tipping and the 6/18/19 contract includes a voluntary tipping suggestion that was never required (see

3

attached dancer affidavits all of which state that tipping was always optional at Club Omaha).

## NO SUPPLEMENTAL JURISDICTION OVER STATE CLAIMS

11. Plaintiff's third cause of action for Violation of the Nebraska Wage and Hour Act (NWHA) must be dismissed because this federal court does not have supplemental jurisdiction over any Nebraska State law claims once the two FLSA claims are dismissed.

12. Pursuant to 28 U.S. Code § 1367.Supplemental jurisdiction (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction.

13. Since the Nebraska Supreme Court ruled in 2018 that the FLSA does not apply to exotic dancers in Nebraska, Plaintiff's claim under the NWHA must also be dismissed for lack of jurisdiction.

## CHOICE OF LAW

14. In addition, the choice of law provision in the parties' contracts, states that any dispute shall be governed by the laws of the State of Nebraska.

15. Plaintiff's claims under any federal law including the FLSA are therefore prohibited by contractual agreement of the parties.

16. Plaintiff and the opt-ins may only sue under the NWHA for claims of damages for unpaid wages.

## NEBRASKA STATE WAGE LAW CLAIMS

17. The third and final cause of action is for wages under Nebraska law for violations of the

NWHA but since Plaintiff Grove and the opt-ins were never employed as exotic dancers they are not entitled to minimum wage or overtime, as they earn 5x – 10x minimum wage with tips alone.

18. Furthermore, since Plaintiff's claim is based solely upon her perjured declarations her attorneys do not have a good faith belief in their lawsuit and motions.

19. The declarations of Grove were perjured as explained in the affidavit of Shane Harrington and the other affidavits, including false claims that Grove was an employee, that Grove had a set schedule, that Grove was required to tip, that Grove was fired for sticking up for another dancer who refused to tip, together with false claims regarding dates and hours worked, and other lies to manufacture a fraudulent labor law case.

20. As the Nebraska Supreme Court noted in the Shaker's case, "(T)he "right of control is the chief factor distinguishing an employment relationship from that of an independent contractor." " *Mays v. Midnite Dreams, Inc.*, 300 Neb. 485, 497 (Neb. 2018)

21. Defendants' affidavit and the affidavits of the witnesses attached hereto establish that dancers at Club Omaha have "the right of control" regarding all major aspects of their work.

22. Plaintiff Grove was not an employee at Club Omaha (and neither were any of the opt-ins) because during the time Grove danced at Club Omaha from October 2018 to December 2019, Grove never had a work schedule, she was allowed to dance at any other club or work any gig or job she liked, she was able to come and go at any time of the night, she picked her outfits, she choreographed her dance routines, she requested songs, she was welcome to charge whatever prices she liked for private dancers, she smoked frequently, she shuffled the dancer order if necessary to suit herself, she ordered food for delivery

whenever she wanted, and she was welcome to quit any time with or without notice. (see Grove's contracts and attached affidavits)

23. In addition, Grove and the opt-ins were not subject to background searches including criminal history, drug screening, litigation history, credit report, references, and a host of other requirements that most every company requires when hiring employees in Nebraska and throughout the United States.

24. Also, unlike Shaker's and other strip clubs that required the dancers to clean the restrooms and dressing rooms and perform other non-dancing work tasks, Club Omaha never does this.

25. In her complaint, Plaintiff identifies rules that Club Omaha has for its dancers to prove she is an employee but every company has rules for the employees and independent contractors.

26. Just because she is an independent contractor doesn't mean she can do whatever she wants whenever she wants.

27. Independent contractors including but not limited to exotic dancers, electricians, plumbers, carpenters, hair stylists, florists, mechanics, babysitters, dogwalkers, etc. all have rules they must follow pursuant to the terms of their contracts and agreements with their clients.

28. Plaintiff Grove complained about not getting enough smoke breaks but petty grievances like this do not transform her into an employee.

29. Plaintiff Grove worked an average of only 3 days per week less than 9 hours per day and never worked more than 40 hours per week and always made far more than minimum wage (see affidavit of Harrington and Evans).

30. Plaintiff's complaint does not identify a single week where she worked more than 40 hours and does not identify a single day or hour where she did not earn at least minimum wage.

31. Dancers at Shaker's in Lancaster County, Nebraska and dancers at some clubs owned and operated by Déjà vu and Rick's Cabaret were determined to be "employee" dancers by courts of law but in those cases, the dancers had work schedules, they were prohibited from working for competitor club, and they were subject to dozens of rules typically reserved for employees (in the case of Shaker's there were over 50 house rules).

32. Defendants contracts with their dancers were drafted after consulting with Nebraska Department of labor and Nebraska attorneys.

33. Dancers consider Club Omaha's contracts and rules to be the best in the region (see dancer affidavits)

34. Plaintiff and the opt-ins are suing Defendants out of retaliation as opposed to having any legitimate labor law claims (see declaration of Harrington and affidavit of Gann).

**PERJURY, BAD FAITH, EXTORTION, BLACKMAIL & UNCLEAN HANDS**

35. Plaintiff and the opt-ins cases should be dismissed with prejudice because they are based upon sworn declarations with dozens of lies that are all disproven by this motion to dismiss and the supporting affidavits, declarations, and other evidence.

36. Plaintiff and the opt-ins are engaging in perjury, attempted extortion and blackmail, bad faith frivolous litigation, and they therefore have unclean hands.

37. Plaintiff Andrea Grove and the ten opt-ins have a personal grudge against Defendant Harrington and they think this lawsuit will be an easy way to make a quick buck and get revenge for petty grievances.

7

38. Furthermore, the contracts not only contain arbitration clauses and class action waivers, all contracts have a confidentiality clause and required 30-day good faith dispute resolution clause.

39. Plaintiff, the opt-ins and their attorneys ignored all these contractual provisions and solicited dancers as clients who were working for Club Omaha and then failed to send a notice of representation until weeks after they were solicited so they could gather evidence as spies.

40. Plaintiff, the opt-ins and their lawyers have taken screenshots of confidential Club Omaha messages and circulated and published these communications in direct violation of their contracts (examples attached as Exhibit "X").

41. Plaintiff and her co-conspirators are engaging in attempted extortion and blackmail by manufacturing a fraudulent labor law case based upon perjured declarations under oath filed with this court.

42. As a result of Plaintiff's and the opt-ins acts of perjury and attempted extortion and blackmail, they have unclean hands and should be precluded from recovering anything from Defendants.

43. "The unclean hands doctrine has its genesis in the notion that "[h]e who seeks equity must do equity" and that a party seeking equitable relief must come into court with "clean hands." *Id.* at 776, 340 N.W.2d at 443-44." *Medrano v. Medrano*, No. A-11-808, at *6 (Neb. Ct. App. June 12, 2012)

44. Plaintiff and the opt-ins have no legal or equitable rights to ask this court for relief considering the nature and extent of their breaches of contract, tortious conduct, and unethical and criminal conduct.

## EQUITABLE ESTOPPEL

45. Plaintiff Grove and the opt-ins should be precluded from pursuing litigation pursuant to equitable estoppel.

46. Despite having clear and simple contracts with a confidentiality clause, 30 day dispute resolution clause, arbitration clause, class action waiver, Plaintiff and the opt-ins have been openly violating these contracts since 12/20/19, causing damages to Defendants for legal fees, lost business revenue, and emotional and mental distress.

47. Defendant Andrea Grove has already caused more than $30,000 in damages for legal fees alone, far more than she could ever recover at $2.13 per hour at best.

## CONCLUSION

Strippers are not used to having accountability. I have worked with these ladies for five years and most of them come and go as they want and do whatever they want and if things get out of control they just move somewhere else and change their name on social media and start the cycle all over again. The Plaintiff and opt-ins are scam artists by profession and their entire case is based upon lies that will be exposed. Andrea Grove and her minions have lied dozens of times in their sworn declarations to fraudulently manufacture a labor law case for damages. Club Omaha runs a legal, clean, and safe club that allows dancers to make the most money possible in the safest environment. These dancers aren't suing because they were underpaid as their lawyers claim in their papers – it's the exact opposite. They are jealous of the dancers working at Club Omaha making more than any dancers in the Midwest. They want to cash in on the success of the club and the only way they can do it is with this frivolous lawsuit. Mr. Harrington offered all ten dancers that are suing a job and none said yes. They don't want to work, they just want free money for doing nothing other than betraying loyalty to someone who treated then like family.

WHEREFORE, Defendants request that this court dismiss Plaintiff Andrea Grove's case and those of the opt-ins with prejudice for failure to state a claim.

June 23, 2020

Respectfully submitted,

*s/Evan Spencer*
Evan Spencer
Attorney at Law
NY Bar# 278681205
305 Broadway, 7th Floor
New York, NY 10007
Tel. 917.547.4665
Evan@EvanSpencerEsq.com
EvanSpencerEsq.com

*Attorney for Defendants*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of June, 2020, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties' counsel of record.

*s/Evan Spencer*
Evan Spencer