IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA GROVE, individually and on behalf of similarly situated individuals;<br><br>Plaintiff,<br><br>vs.<br><br>MELTECH, Inc.; H&S CLUB OMAHA, INC., and SHANE HARRINGTON,<br><br>Defendants. | 8:20CV193<br><br>ORDER |

This matter is before the Court on the defendant's motion for leave to file a sur-reply, Filing No. 34, and motion to strike, Filing No. 35. This is a purported class and collective action for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Nebraska Wage and Hour Act, Neb. Rev. Stat. §48-1201 et seq.

The plaintiff filed a motion to conditionally certify a class on June 11, 2020, and an emergency motion for a preliminary injunction on June 15, 2020. Filing Nos. 14 and 18. The defendants filed a brief and exhibits in opposition to that motion on June 15, 2020. Filing No. 23. Plaintiff has filed briefs in reply to the opposition. Filing Nos. 28 and 29

Defendants now move for leave to file a sur-reply, and they have filed a brief and exhibits in connection to that motion. See Filing No. 38. The brief and exhibits respond to the plaintiff's motions for preliminary injunction and conditional certification. Id. It appears to the Court that the defendants' improperly denominated motion actually seeks leave to supplement their earlier response to the plaintiff's motions. In the interest of justice, the Court will construe the defendants' motion as such and will allow

1

the brief and exhibits at Filing No. 38 to be filed as a supplementary response, deemed filed on this date. The plaintiff will be granted seven days to reply to that filing.

Defendants also move to strike the allegation in the plaintiff's complaint that the plaintiff and other dancers were required to schedule shifts in advance. Under Fed. R. Civ. P. 12(f), courts may strike "from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts enjoy liberal discretion to strike pleadings under this provision. *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). Striking a party's pleading, however, is an extreme and disfavored measure. *Id.* A motion to strike, however, is neither an authorized nor a proper way to procure the dismissal of all or part of a claim. 5C Wright & Miller, Fed. Prac. & Proc. § 1380 (2008). The plaintiff's allegation meets none of the criteria under Rule 12(f) and should properly be addressed in a denial in answer to the complaint. Accordingly,

IT IS ORDERED:

1. Defendant's motion for leave to file a sur-reply (Filing No. 34) is granted.

2. Defendant's brief and exhibits (Filing No. 38) are deemed to be filed on this date.

3. Plaintiff is granted seven days in which to reply to defendants' brief.

4. Defendants' motion to strike (Filing No. 35) is denied.

DATED this 26th day of June, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge