UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA GROVE and CHRYSTINA WINCHELL, individually and on behalf of others similarly situated,<br><br>                          Plaintiffs,<br>- versus -<br><br>MELTECH, INC., H & S CLUB OMAHA, INC., and SHANE HARRINGTON,<br><br>                          Defendants. | Case No.: 8:20-cv-193<br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) AND FOR SUMMARY JUDGMENT PURSUANT TO RULE 56 AND COMPEL ARBITRATION** |

## INTRODUCTION

Defendants move this court to dismiss Plaintiffs' amended class/collective action complaint without prejudice for failure to state a claim upon which relief can be granted pursuant to FRCP Rule 12(b)(6) and Rule 56 (Summary Judgment) and compel arbitration between Plaintiffs, the nine opt-ins and Defendants pursuant to the terms of the 54 contracts executed by the parties.

## STATEMENT OF FACTS

### PARTIES ENTERED 54 CONTRACTS WITH ARBITRATION CLAUSES

1. Plaintiffs Andrea Grove, Chrystina Winchell and the nine opt-ins executed 54 Independent Contractor Dancer Agreements and Membership Agreements with Defendant H & S Club Omaha, Inc. between 2017 and 2020 as "Performers" and "Members" of Club Omaha.

2. These agreements include three contracts executed by Plaintiff Grove (Exhibit "A") and 51 contracts executed by Plaintiff Winchell and the nine opt-ins (Exhibit "B").

3. All of these contracts include an arbitration clause and class action waiver, designating the non-profit American Arbitration Association's (AAA) regional office in Denver,

1

Colorado as the proper forum for any dispute arising under these contracts (as the State of Nebraska has no AAA office) pursuant to the laws of the State of Nebraska.

4. From March 2017 to May 2020, dancers at Club Omaha were legally considered both "Performers" and "Members" and were required to execute and accept the terms of an Independent Contract Dancer Agreement and Club Omaha Membership Agreement to join Club Omaha and dance at Club Omaha.

5. Plaintiff Grove's Club Omaha Performer contract dated 6/18/19 and Plaintiff Winchell's Club Omaha Performer contract dated 8/6/19 both contain the same dispute resolution provision, located on page 3 of the Independent Contract Dancer Agreement between the final numbered paragraph 32 and the signatures stating as follows:

> "Performer is bound by CO's arbitration clause as follows: Any dispute between Performer and CO must be presented in writing followed by a 30-day period during which the parties must enter good faith negotiations If no resolution is reached all disputes may only be resolved by way of binding arbitration with the **American Arbitration Association's regional office in Denver, Colorado** pursuant to the laws of the State of Nebraska. Performer may not sue in an individual, group or class action, CO, it's shareholders, partners, employees, agents, contractors, or any affiliated therewith." (emphasis added)

6. Plaintiff Grove's Club Omaha Membership contract executed 9/10/18 and Plaintiff Winchell's Club Omaha Membership contract executed 8/6/19 contain identical dispute resolution policies including AAA arbitration clauses:

> The last sentence of the first paragraph states: "All Members are subject to the … arbitration clause and class action waiver of H & S Club Omaha, Inc."

> The last paragraph of the agreement states: "If a Member has a grievance or complaint with The Corporations or Affiliates, a 30-day period shall be allotted to resolve the dispute in writing, followed by binding arbitration if necessary with the **American Arbitration Association at their regional office in Denver, Colorado**." (emphasis added)

7. As such, the contracts between the parties designate the forum of the AAA in Denver,

2

Colorado pursuant to Nebraska law.

8. Both Plaintiffs and all nine opt-ins are bound by both the terms of the Performer contracts and Membership contracts.

9. On 6/21/20, Defendants filed a AAA application (Exhibit "C"), AAA complaint, (Exhibit "D") and AAA exhibits (Exhibit "E").

10. On 6/23/20, the AAA responded to the parties assigning case number (01-20-0007-2758) and providing Plaintiffs/Respondents fourteen days to respond to Defendants/Claimants complaint (Exhibit "F").

11. On 7/9/20, after Plaintiffs' filed an amended complaint in court, Defendants/Claimants spoke to AAA ADR Manager Hiro Kawahara and requested that Wynchell and the nine opt-ins be added to the Grove AAA case without paying additional fees.

12. On 7/16/20, the AAA agreed to allow Defendants to add Plaintiff Winchell and the nine opt-ins as Respondents in the AAA case filed against Grove on 6/21/20.

13. On 7/16/20, Plaintiffs' counsel appeared with Defendants' counsel for the AAA scheduling conference with AAA representative Hiro Kawahara at 2:00 pm ET.

14. During the conference, AAA advised the parties that a list of arbitrators would be forwarded and that 14 days would be allotted for the selection process.

15. Thereafter, a scheduling conference will be held to schedule motions, discovery, and the AAA hearing.

16. On 7/17/20, Defendants filed an amended complaint with the AAA with a copy to Plaintiffs' counsel (Exhibit "G") including both Plaintiffs and all nine opt-ins.

17. The Plaintiffs and opt-ins will have the opportunity to present any and all claims they have from this lawsuit as Respondents with the AAA including but not limited to labor

law violations as counter-claims.

18. Since the parties are participating in the AAA proceedings provided for in the 54 contracts executed by the parties, Defendants' are entitled to dismissal pursuant to Rule 12(b)(6) or judgment as a matter of law pursuant to Rule 56, dismissing the case without prejudice pending the resolution of this dispute with the AAA.

## ALL 54 CONTRACTS INCLUDE CLASS ACTION WAIVERS

19. In addition to arbitration agreements, the 54 contracts specifically state that the Performer may not sue in an "individual, group, or class action" and that a Member is bound by a "class action waiver."

20. Plaintiff Winchell's Membership contract dated 8/6/19 and Plaintiff Grove's membership agreement executed on 9/10/18 contain identical dispute resolution policies including class action waivers as do the 49 contracts executed by the opt-ins.

21. Plaintiffs and their attorneys possessed copies of these contracts prior to filing this frivolous amended class/collective action amended complaint.

22. Plaintiffs ignored the AAA notices sent after 6/21/20, requesting that Plaintiff Grove and the remaining parties submit to arbitration with AAA and submit a response to Plaintiff/Claimants' complaint on or before 7/7/20.

23. Plaintiffs filed this case for the unethical purposes of soliciting dancers from Club Omaha as clients and increasing their legal fees, rather than filing a claim with AAA as stipulated in the 54 contracts between the parties.

24. Plaintiffs and the opt-ins have refused to voluntarily dismiss this case after multiple requests. (see declaration of Defendants' attorney Spencer Exhibit "H")

## LEGAL ARGUMENT

## ARBITRATION CLAUSES ARE ENFORCEABLE

25. As this court is aware, the United States Supreme Court settled any ambiguity about arbitration clauses in 2018: "In the Federal Arbitration Act, Congress has instructed federal courts to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018)

26. "Rule 12(b)(6) or Rule 56 motions are the appropriate means for parties seeking to compel arbitration." *Seldin v. Seldin*, 879 F.3d 269, 272 (8th Cir. 2018).

27. "A court must grant a motion to compel arbitration if a valid arbitration clause exists which encompasses the dispute between the parties. 9 U.S.C. § 4; *MedCam, Inc. v. MCNC*, 414 F.3d 972, 974 (8th Cir. 2005). " *3M Co. v. Amtex Security, Inc.*, 542 F.3d 1193, 1198 (8th Cir. 2008)

28. "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). If the Court converts the motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id. Drazic v. NCR Corp.*, 8:19CV511, at *4 (D. Neb. May 11, 2020)

29. "The Court liberally construes "a valid arbitration clause, 'resolving any doubts in favor of arbitration.'" *Unison Co., Ltd. v. Juhl Energy Dev., Inc.*, 789 F.3d 816, 818 (8th Cir. 2015) (quoting *3M Co.*, 542 F.3d at 1199)." *Drazic v. NCR Corp.*, 8:19CV511, at *9 (D. Neb. May 11, 2020)

30. There is no dispute in the present case that 54 nearly identical arbitration agreements

were executed by the Plaintiffs, nine opt-ins and Defendants and there is no dispute that the AAA office in Denver, Colorado is the proper forum for this dispute.

### **DEFENDANTS' DID NOT WAIVE THEIR RIGHT TO ARBITRATION**

31. Defendants were served with this lawsuit on 5/30/20 and after three weeks of trying to jointly schedule arbitration with AAA, Defendants paid the entire $2,200 fee and filed a claim against Andrea Grove on 6/21/20.

32. Defendants' counsel has been in daily or near-daily contact with AAA regarding this case by email and telephone since 6/3/20, attempting to file and schedule these matters in good faith pursuant to the terms of the parties' 54 contracts. (see Exhibit "H")

33. After Defendants filed three motions to dismiss and a motion for summary judgment, Plaintiffs filed an amended complaint with this court on 7/6/20, rendering these four motions moot.

34. Defendants filed an amended complaint with the AAA on 7/17/20, including both Plaintiffs and all nine opt-ins as Respondents.

35. Plaintiffs ignored all correspondence from Defendants/Claimants and AAA regarding this matter from 6/23/20 to 7/15/20, making their first appearance in the case by way of the 7/16/20 conference call.

36. Plaintiffs repeatedly claim it is Defendants who "invoked" the litigation process and waived their right to arbitration, but Plaintiff Grove and their counsel filed this class/collective action lawsuit on 5/26/20 together with subsequent motions for conditional certification and TRO and filed an amended collective action on 7/6/20 with two Plaintiffs and nine opt-ins.

37. Defendants merely responded to Plaintiffs' false allegations requesting that the court

compel arbitration with the AAA as agreed in the 54 contracts of the parties.

### DEFENDANTS WERE PREJUDICED BY PLAINTIFFS' ACTS

38. Defendants were prejudiced by Plaintiffs' acts of filing a class action and soliciting current dancers at Club Omaha.

39. Defendants were prejudiced by the reporting of this class action in the Omaha World Herald newspaper (Exhibit "I") and by other news entities.

40. Defendants were prejudiced and damaged by Plaintiffs and their attorneys acts of circulating, publishing, and filing confidential Club Omaha screenshots of private corporate communications (Exhibit "J").

41. Plaintiffs knowingly and intentionally violated their contracts, submitted perjured affidavits to their attorneys and the court, and have caused Defendants tens of thousands of dollars in damages and legal fees.

42. Defendants therefore request that the court dismiss Plaintiffs' cases and that of the opt-ins without prejudice pursuant to FRCP Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or alternatively under Rule 56, and compel arbitration of the Plaintiffs' and opt-ins claims in accordance with the terms of the parties' 54 contracts.

43. Defendants have paid the entire AAA filing fee of $2,200, including the Plaintiffs/Respondents' $300 share and the case (01-20-0007-2758) has been assigned to an ADR manager Hiro Hawahara who has been administering the case since 6/23/20.

### DEFENDANTS' REQUEST DISMISSAL WITHOUT PREJUDICE

44. When it is clear from the parties' agreement that an arbitration clause covers all disputes, dismissal without prejudice is appropriate: "Because it is clear the entire controversy between the parties is subject to, and must be resolved by, arbitration, the Court will dismiss

this action, without prejudice." *Williams v. Wells Fargo Bank, N.A.*, 8:19CV61, at *4 (D. Neb. Mar. 28, 2019)

45. Since the disputes between the two Plaintiffs, nine opt-ins and Defendants are all governed by arbitration clauses and class action waivers in 54 contracts, Defendants request that this case be dismissed without prejudice to allow the parties the opportunity to resolves these claims with the AAA.

WHEREFORE, Defendants request that this court dismiss Plaintiffs' case and that of the nine opt-ins pursuant to FRCP Rule 12(b)(6) for failure to state a claim upon which relief can be granted and/or Rule 56 for summary judgment, and that this court compel Plaintiffs Andrea Grove, Chrystina Winchell and the nine opt-ins to submit to the AAA binding arbitration (case: 01-20-0007-2758) as stipulated in the parties' 54 contracts, and that this court grant such other and further relief as it deems just and proper.

July 20, 2020

Respectfully submitted,

*s/Evan Spencer*
Evan Spencer
Attorney at Law
NY Bar# 278681205
305 Broadway, 7th Floor
New York, NY   10007
Tel. 917.547.4665
Evan@EvanSpencerEsq.com
EvanSpencerEsq.com

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 20th day of July, 2020, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties' counsel of record.

*s/Evan Spencer*
Evan Spencer
