IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA GROVE, individually and on behalf of similarly situated individuals; and CHRYSTINA WINCHELL, individually and on behalf of similarly situated individuals;<br><br>Plaintiffs,<br><br>vs.<br><br>MELTECH, Inc.; H&S CLUB OMAHA, INC., and SHANE HARRINGTON,<br><br>Defendants. | 8:20CV193<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the defendants H&S Club Omaha, Inc., and Shane Harrington's (collectively "Club Omaha") motion to withdraw motions that were aimed at the plaintiffs' original complaint, Filing No 61,[1] and on Club Omaha's motions for sanctions, Filing Nos. 52 and 55 This is an action for recovery of wages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, and the Nebraska Wage and Hour Act (NWHA), Neb. Rev. Stat. § 48-1201, *et seq.*, Jurisdiction is based on a federal question under 28 U.S.C. § 1331.

In her original complaint, plaintiff Andrea Grove alleged, on behalf of herself and others similarly situated, that Club Omaha misclassified exotic dancers as independent contractors rather than employees, failed to pay the dancers minimum wage and overtime compensation for hours worked in excess of forty per week, and required

---

[1] Specifically, Club Omaha seeks to withdraw the following motions and supporting evidence: motion to dismiss for lack of jurisdiction and improper venue, Filing No. 22; motion to dismiss for failure to state a claim, Filing No. 36; Club Omaha's motion to dismiss for failure to state a claim against five opt-ins, Filing No. 39, Club Omaha's motion for summary judgment, Filing No. 47. Also pending with respect to the original complaint are plaintiffs' motion to certify a class, Filing No. 14 and plaintiffs' motion for a preliminary injunction, Filing No. 18.

1

dancers to pay fees and tip-outs, which constitute unlawful kick-backs under the FLSA. Filing No. 1, Complaint. In the amended complaint, plaintiffs Andrea Grove and Crystina Winchell reassert those claims and add a claim for retaliation. Filing No. 58. Club Omaha has filed a motion to dismiss the plaintiffs' amended complaint, to compel arbitration, or alternatively for summary judgment on the plaintiffs' claims. Filing No. 67. The plaintiffs oppose Club Omaha's motion to withdraw its motions, asserting that the motions address issues that remain in the amended complaint and are ripe for determination.

As a general proposition, "[w]hen a plaintiff files an amended complaint, the original complaint is superseded and has no legal effect." *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014). Where a plaintiff amends as of right while a motion to dismiss is pending, "'[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading' because [t]o hold otherwise would exalt form over substance." *Bishop v. Abbott Labs.*, No. 19-CV-420 (NEB/ECW), 2019 WL 6975449, at *3 (D. Minn. Dec. 20, 2019) (quoting 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1476 (3d ed. 2019); *see also Cartier v. Wells Fargo Bank, N.A.*, 547 F. App'x 800, 803–04 (8th Cir. 2013) (noting that it is within a district court's discretion to treat a motion to dismiss the original complaint as a motion to dismiss the amended complaint).

In the interest of the clarity of the docket, and because Club Omaha has moved to dismiss and/or for summary judgment as to the amended complaint, the dispositive motions to dismiss and for summary judgment directed at the original complaint are

moot and will be denied.[2] However, to the extent the defendant's present motion relates to issues that the plaintiffs have already addressed in earlier briefing, the plaintiffs may simply reassert their positions in response to the defendant's motion by referencing the original filings. The plaintiffs need not submit additional briefing or evidence but must point the Court to the arguments and evidence on which they rely.

Plaintiff Grove had also filed a motion for conditional certification of a collective action with respect to the original complaint, Filing No. 14, as well as a motion for preliminary injunction, Filing No. 18. The Court will regard the plaintiffs' prayer for an order conditionally certifying the action as an FLSA collective action in the amended complaint as a reassertion of the earlier motion.[3] *See* Filing No. 67, Amended Complaint at 10. The Court's review of the record shows that the conditional certification motion relates as well to the amended complaint as to the original complaint. Briefing on that motion is complete and the motion will be deemed submitted.

The plaintiffs' motion for a preliminary injunction is directed at Club Omaha's alleged retaliatory conduct. The motion for preliminary relief may be mooted in some respects by the filing of the retaliation claim. In any event, it is not clear to the Court that preliminary injunctive relief remains an issue. Though the plaintiffs do not specifically request injunctive relief in the amended complaint, they pray for "such other relief as the court deems just and proper." *Id.* Also, circumstances may have changed

---

[2] The plaintiff's motion to strike a reply brief, Filing No. 50, is connected to those motions and will also be denied as moot.

[3] The plaintiffs also pray for certification under Federal Rule of Civil Procedure 23 in their amended complaint, but their earlier motion does not address that issue. To the extent the plaintiffs seek such certification, they must file a separate motion.

in the interim. To the extent that the plaintiffs believe that preliminary relief is necessary, they should reassert the initial motion and move for a hearing, if desired.[4] The plaintiffs' initial motion for a preliminary injunction will be denied at this time without prejudice to reassertion.

Additionally, Club Omaha has filed motions for sanctions directed at the plaintiff's original complaint, Filing No. 52, and at plaintiff's motion to certify a class, Filing No. 55. The motion for sanctions as to the original complaint is moot. "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) (quoting Advisory Committee Note on Rule 11, 28 U.S.C. App., p. 576). If, after notice and a reasonable opportunity to respond, the court determines that Rule 11 has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). It is clear that the central purpose of Rule 11 is to deter baseless filings in district court. Cooter & Gell, 496 U.S. at 393.

The standard for sanctions under Rule 11 is "is whether the attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Adams v. USAA Cas. Ins. Co., 863 F.3d 1069, 1077 (8th Cir. 2017) (citation omitted). The Rule's "main purpose is to deter baseless filings," and Rule 11(b) thus "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." Id. "The imposition

---
[4] The hearing may be conducted remotely or telephonically.

of sanctions is a serious matter and should be approached with circumspection." *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987).

The Court has reviewed the motion for sanctions in connection with the motion for conditional certification and finds it should be denied. Club Omaha's motion for sanctions is based, as are most of its other filings, on the defense that the arbitration clauses of purported independent contractor agreements preclude the plaintiffs' action. The plaintiffs vigorously challenge the validity and enforceability of the arbitration provisions, as well as the independent contractor contracts, and those issues are central to the litigation. In this case, whether or not the plaintiffs ultimately prevail on their claims, the claims and arguments are not so baseless as to warrant the imposition of sanctions. The plaintiffs cannot be faulted for seeking to vindicate FLSA rights. Club Omaha's arguments relate to defenses and the plaintiffs have an arguably meritorious position. Therefore, the Court will deny defendants' motion for sanctions with respect to the class certification motion on the merits. Accordingly,

IT IS ORDERED:

1. Defendants' motion to withdraw documents (Filing No. 61) is granted.
2. Defendants' motions to dismiss for lack of jurisdiction and improper venue (Filing No. 22), to dismiss for failure to state a claim (Filing No. 36), to dismiss for failure to state a claim against five opt-ins, (Filing No. 39), and for summary judgment (Filing No. 47) are denied as moot.

3. Plaintiffs' motion to strike reply brief (Filing No. 50) is denied as moot.

4. Plaintiffs' motion to certify a class (Filing No. 14) is deemed submitted.

5. Plaintiffs' motion for a preliminary injunction (Filing No. 18) is denied at this time without prejudice to reassertion.

6. Defendants' motion for sanctions regarding plaintiff's original complaint (Filing No. 52) is denied as moot.

7. Defendants' motion for sanctions regarding motion to certify a class (Filing No. 55) is denied.

Dated this 4th day of August, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge