IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA GROVE, individually and on behalf of similarly situated individuals; and CHRYSTINA WINCHELL, individually and on behalf of similarly situated individuals;<br><br>Plaintiffs,<br><br>vs.<br><br>MELTECH, Inc.; H&S CLUB OMAHA, INC., and SHANE HARRINGTON,<br><br>Defendants. | 8:20CV193<br><br>**MEMORANDUM and ORDER** |

This matter is before the Court on the plaintiffs Andrea Grove's and Chrystina Winchell's motion for conditional certification as a collective action under 29 U.S.C. § 216, Filing No. 14.[1]  This is an action for wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Nebraska Wage and Hour Act, Neb. Rev. Stat. § 48-1201, *et seq.*  In their amended complaint, the plaintiffs allege that defendants Meltech, Inc., H&S Club Omaha, Inc., and Shane Harrington misclassified them as independent contractors rather than as employees, failed to pay them minimum and overtime wages, and required them to pay fees and tip-outs in violation of the FLSA and Nebraska law, and retaliated against them for filing this action.  They seek conditional certification of a collective action, on behalf of herself and similarly situated persons employed at Club Omaha as exotic dancers.

---

[1] Plaintiffs also pray for class certification under Federal Rule of Civil Procedure 23 in their in their amended complaint, but only collective action certification is at issue in the present motion.  *See* Filing No. 18.

1

I. BACKGROUND

The plaintiffs seek classification of a conditional collective class consisting of "all exotic dancers who have worked at Club Omaha during the last three years and were classified as independent contractors." Filing No. 14, Motion. In support of their motion, the plaintiffs submit the declarations of several exotic dancers. *See* Filing No. 16-3, Exhibit ("Ex.") C, Declaration of Andrea Grove; Filing No. 16-4, Ex. D, Declaration of Autumn Smith; Filing No. 16-5, Ex. E, Declaration of Cassandra Schueth; Filing No. 16-6, Ex. F Declaration of Chrystina Winchell; Filing No. 16-7, Ex. , Declaration of Destinee Magnuson. Several dancers have already filed opt-in consents to the litigation.[2] *See* Filing Nos. 2, 12.

In their declarations, the dancers state that they were employed by Club Omaha, were classified as independent contractors, were required to work on certain days, required to schedule shifts in advance, required to work a certain number of hours and perform a certain number of dances per shift and were fined if they failed to do so. *See id.* The declarants also state they were not paid wages, but were compensated in the form of tips from customers and were required to tip the manager, security, and the DJ at the end of each shift. *See e.g.,* Filing No. 16-3, Grove Decl. Further, they state that Club Omaha determined the rates of private dances and set rules for appearance and conduct. *Id.* The plaintiffs also submit a proposed notice and opt-in consent forms. *See* Filing Nos. 16-1, Ex. A, proposed notice; Filing No. 16-2, Ex. B, proposed opt-in consent form.

---

[2] In a typical FLSA collective action, a case is filed with several opt-ins, and along the way others opt in even before notice is authorized under § 216(b). *Myers v. Hertz Corp.*, 624 F.3d 537, 555, n.10 (2d Cir. 2010). "[N]othing in the text of the statute prevents plaintiffs from opting into the action by filing consents with the District Court even when the notice . . . has not been sent . . . ." *Id.*

In opposition to motion for class certification, the defendants submit Club Omaha Independent Contract Dancer Agreements and Membership Application contracts, and the affidavits of Shane Harrington and plaintiffs' counsel, Evan Spencer. Filing No. 23-1, agreements; Filing No. 23-2, Affidavit of Shane Harrington ("Harrington Aff."); Filing No. 23-3, Affidavit of Evan Spencer ("Spencer Aff.") They argue in their brief conditional collective class certification should be denied for the reason that the proper forum for this dispute is the American Arbitration Association ("AAA") in Colorado. Filing No. 23, Brief at 2. That argument is based on an arbitration clause in the independent contractor agreements. See Filing No. 23-1, agreements. In his affidavit, Harrington states:

> Plaintiffs, the 9 opt-ins and their attorneys have violated these 30 contracts by defaming me and my business, by violating confidentiality, by fraudulently attempting to obtain wages for minimum wage and overtime, by fraudulently claiming they were required to tip when their contracts specifically state it is optional, and by filing a class action complaint and motion for conditional certification, and emergency motion with this court when all 30 contracts have an arbitration clause and class action waiver selecting the forum of AAA in Denver, Colorado for resolution of all individual disputes by arbitration.

Filing No. 23-2, Harrington Aff. at 2. Spencer states, "[a]ll 30 of these contracts contain arbitration clauses, class action waivers, confidentiality clauses, and a 30-day good faith dispute resolution process" and contends that the plaintiffs and their attorneys violated the dispute resolution provisions and committed "perjury, defamation, attempted fraud, breach of contract, and tortious interference with contracts." Filing No. 23-3, Spencer Aff. at 1.

In response to the defendants' showing, the plaintiffs argue that they have shown that the potential conditional collective class members (sometimes referred as "potential opt-ins") are similarly situated and argue that conditional class certification is

3

appropriate regardless of any arbitration agreement. Filing No. 28, plaintiffs' Reply Brief at 3-8. They contend that the arbitration provisions "are riddled with procedural and substantive unconscionability" and state that the defendants have waived their right to rely on the arbitration provisions by bringing claims against several of the opt-ins in court. *Id.* at 2-3. Also, the plaintiffs incorporate by reference the arguments and evidence they present in response to the defendants' motions to dismiss, wherein the defendants also rely on the arbitration clauses.³ *Id.* at 2, 9.

In a declaration in the record, plaintiff Grove states that she and the other dancers were presented with an independent contractor agreement immediately before their shifts, were offered no opportunity to negotiate, and were not provided a copy of the contract. Filing No. 32-2, Declaration of Andrea Grove.

II. LAW

Section 216(b) of the FLSA allows named plaintiffs to sue "for and in behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* The sole consequence of conditional certification under § 216 is the sending of court-approved written notice to employees who in turn become parties to a collective action only by filing written consent with the court. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1043 (2016) (assuming, without deciding, that the that

---

[3] In their brief in response to the motion to dismiss, the plaintiffs contest the validity of the arbitration provision on the grounds of procedural unconscionability, waiver, the scope of the arbitration clause, and substantive unconscionability. Filing No. 31, plaintiffs' brief in opposition to motion to dismiss. In response to the defendants' most recent motion to dismiss, or for summary judgment and to compel arbitration, Filing No. 69, the plaintiffs argue litigation waiver as a defense to the arbitration clause. Filing No. 70.

4

the standard for certifying a collective action under the FLSA is no more stringent than the standard for certifying a class under the Federal Rules of Civil Procedure).[4] The court overseeing the action has discretion to authorize the sending of notice to potential plaintiffs, informing them of the opportunity to opt in. *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71 (1989); *see also Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1046–47 (7th Cir. 2020). In the notice, the court must respect judicial neutrality and avoid even the appearance of endorsing the action's merits. *Hoffman-La Roche*, 493 U.S. at 174.

"The plaintiff bears the burden of establishing he or she is similarly situated to other members of the proposed class." *Haworth v. New Prime, Inc.*, 448 F. Supp. 3d 1060, 1066 (W.D. Mo. 2020) (quoting *Taylor v. Bear Commc'ns, LLC*, No. 4:12-CV-01261-BCW, 2013 WL 3270971, at *2 (W.D. Mo. June 27, 2013) (citation omitted)).

"Plaintiffs may be similarly situated when 'they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs.'" *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014)("*Bouhaphakeo I*"), *aff'd*, 136 S. Ct. 1036 (2016) (quoting *Thiessen v. Gen. Elec. Capital Corp.,* 267 F.3d 1095, 1103 (10th Cir. 2001)); *see also Campbell v. City of Los Angeles*, 903 F.3d 1090, 1117 (9th Cir. 2018) ("Party plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims."). To determine whether a class is similarly situated, "[a] court may consider '(1) disparate factual and

---

[4] The Supreme Court has hinted that the rules for joining similarly situated plaintiffs are similar to the rules of joinder under Federal Rule of Civil Procedure 20(a). *See Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612, 1636 n.3, (2018)( Ginsburg, J., dissenting) (indicating that "similarly situated" FLSA plaintiffs may be joined in the same action under Federal Rule of Civil Procedure 20(a), which requires that their claims arise out of the same transaction or occurrence and involve common questions of law or fact).

5

employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations.'" *Bouhaphakeo I,* 765 F.3d at 796 (quoting *Thiessen,* 267 F.3d at 1103).

Although the Eighth Circuit has not articulated a standard for conditionally certifying FLSA classes, the majority of the district courts in the Eighth Circuit use the two-step analysis set out in *Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). See *Haworth,* 448 F. Supp. 3d at 1066; *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 688-89 (W.D. Mo. 2007) (collecting cases). "First, plaintiff moves for conditional certification at an early stage in the litigation, wherein a class is certified for notice purposes. Then, at the second step, defendants are allowed the opportunity to move for de-certification at the close of discovery." *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005).

The plaintiff's motion for certification is typically filed at an early stage of the litigation thus requiring a lenient evaluation standard and typically resulting in conditional certification of a representative class. *Mooney*, 54 F.3d at 1213-14; *see also Grayson v. K Mart*, 79 F.3d 1086, 1096 (11th Cir. 1996) (noting that the "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards); *Del Toro v. Centene Mgmt. Co., LLC*, No. 4:19-CV-02635-JAR, 2020 WL 2085650, at *2 (E.D. Mo. Apr. 30, 2020) (stating that at the first stage, conditional certification, courts typically apply a lenient standard); *Borup v. CJS Sols. Grp., LLC*, No. CV 18-1647 (PAM/DTS), 2020 WL 5988496, at *3 (D. Minn. Oct. 9, 2020) ("The

6

plaintiffs' burden at the first stage is a light one."); *Haworth*, 448 F. Supp. 3d at 1066 (noting that the similarly-situated threshold requires only a modest factual showing).

"[C]onditional certification at the notice stage requires 'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.'" *Davis*, 408 F. Supp. 2d at 815 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997). Nevertheless, the plaintiff "must still 'come forward with evidence establishing a colorable basis for their claim that the putative class members were together the victims of a single decision, policy, or plan[.]'" *Borup,* No. CV 18-1647 (PAM/DTS), 2020 WL 5988496, at *3 (quoting *Thompson v. Speedway SuperAmerica LLC*, No. 08-1107, 2009 WL 130069, at *5 (D. Minn. 2009)). A showing that the plaintiffs and members of the proposed collective action opt-ins all work or have worked at a single location owned and operated by the defendant and were all subject to the same working conditions is sufficient for conditional certification. *See, e.g., Degidio v. Crazy Horse Saloon and Rest., Inc.*, No. 4:13–cv–02136–BHH, 2015 WL 5834280, at *20 (D.S.C. Sept. 30, 2015) ("The record reveals that [dancers] are all classified as independent contractors. None of them are paid wages. They are all subject to the same requirements regarding house fees" and "are all subject to the same or similar 'guidance' and 'suggestions' regarding their attire, discouraged behavior, and tip outs. In short, the defendant has a paradigm for how it does business and that paradigm does not appear to vary in any meaningful way with regard to individual members of the class."). Any doubts in the notice stage should favor allowing conditional certification. *Haworth*, 448 F. Supp. 3d at 1066.

7

Though the Eighth Circuit has not addressed the issue of whether an arbitration agreement bars conditional certification, two Circuit Courts of Appeals have addressed the issue. See *In re JPMorgan Chase & Co.*, 916 F.3d 494, 502-03 (5th Cir. 2019); *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1050 (7th Cir. 2020). The Fifth and Seventh Circuits put the burden on the employer seeking to avoid a collective action to show by a preponderance of the evidence, as to a particular employee, the existence of a valid arbitration agreement for that employee." *In re JPMorgan Chase*, 916 F.3d at 502-03. "But if the employer fails to establish the existence of a valid arbitration agreement as to an employee, that employee would receive the same notice as others." *Id.* at 503. The Seventh Circuit reached a similar conclusion. *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1050 (7th Cir. 2020) (stating that if a plaintiff contests the defendant's assertions about the existence of a valid arbitration agreement, then the employer has the burden to show, by a preponderance of the evidence, the existence of a valid arbitration agreement for each employee it seeks to exclude from receiving notice). The Fifth and Seventh Circuits contemplate allowing the parties to submit additional evidence on the existence of valid arbitration agreements. See *id.* at 1051; *JP Morgan Chase*, 916 F.3d at 503 (permitting plaintiffs to rebut the defendant's showing).

District courts in this circuit, even post *In re JPMorgan Chase* and *Bigger*, have granted conditional certification providing notice to potential collective members and deferred the merits-based question of whether the arbitration agreements are valid and enforceable to the second stage. See, e.g., Haworth, 448 F. Supp. 3d at 1066; *Astarita v. Menard, Inc.*, No. 5:17-06151-CV-RK, 2020 WL 591509, at *3 (W.D. Mo. Feb. 6, 2020)(rejecting framework announced in *Bigger*). "Because the existence of an

8

arbitration agreement 'goes to Defendants' defenses, not the common policy,' the enforceability of arbitration agreements "is better reserved for the step two determination, not step one." *Ortega v. Spearmint Rhino Cos. Worldwide, Inc.*, No. EDCV 17-206 JGB (KKx), 2019 WL 2871156, at *5 (C.D. Cal. May 15, 2019) (quoting *Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 969 (N.D. Cal. 2017); *see also Gonzalez v. Diamond Resorts Int'l Mktg.*, No. 2:18-cv-00979-APG-CWH, 2019 WL 3430770, at *5 (D. Nev. July 29, 2019) ("Withholding notice because of the existence of an arbitration agreement presupposes the enforceability of the agreement . . . [T]he existence of an arbitration agreement goes to an aspect of defendant's defense, and the enforceability of such an agreement is better reserved for stage two."); *Greene v. Omni Limousine, Inc.*, No. 2:18-cv-01760-GMN-VCF, 2019 WL 2503950, at *4 (D. Nev. June 15, 2019) (noting the weight of authority "recognizes the issue of arbitrability as one best handled during stage two of the certification process."); *Monplaisir v. Integrated Tech Grp., LLC*, No. C 19-01484 WHA, 2019 WL 3577162, at *3 (N.D. Cal. Aug. 6, 2019) (stating that "to avoid putting the cart before the horse, this inquiry is best left for step two."). A fact-intensive inquiry is inappropriate at the notice stage. *Gathmann-Landini v. Lululemon USA Inc.*, No. CV15-6867 (JMA)(AYS), 2018 WL 3848922, at *11 (E.D.N.Y. Aug. 13, 2018)

"Generally, the fact that a FLSA plaintiff has signed an arbitration agreement will not preclude preliminary certification of a collective action." *Ortega,* No. EDCV 17-206 JGB (KKx), 2019 WL 2871156, at *5; *Conde,* 223 F. Supp. 3d at 969. Numerous courts have granted conditional certification despite the existence of arbitration agreements. *See, e.g., Barone v. Laz Parking Ltd.*, No. 3:17-CV-01545(VLB), 2019 WL 5328832 at

9

*3 (D. Conn. Oct. 20, 2019) (collecting cases) (noting that courts "have consistently refused to exclude plaintiffs from receiving notice simply because they have signed arbitration agreements."); Romero v. Clean Harbors Surface Rentals USA, Inc., 404 F. Supp. 3d 529, 533-34 (D. Mass. 2019) (noting that requiring trial courts to ensure that "the only workers receiving notice of an FLSA collective action were those actually capable of joining the action . . . would incentivize defendants to raise any number of individualized defenses at the notice stage" and "would inevitably delay the litigation"); Thomas v. Papa John's Intl., Inc., No. 1:17CV411, 2019 WL 4743637, at *3 (S.D. Ohio Sept. 29, 2019) (stating that that the existence of arbitration agreements is irrelevant to collective action approval); Cuevas v. Conam Mgmt. Corp., No. 18cv1189-GPC(LL), 2019 WL 5320544, at *5 (S.D. Cal. Oct. 21, 2019) (collecting cases) (holding that conditional certification is not defeated because certain employees signed arbitration agreements.); Gathmann-Landini, No. CV 15-6867 (JMA)(AYS), 2018 WL 3848922, at *1 n.2 ("Courts in this circuit have consistently moved forward with the first step of FLSA Collective actions to determine if plaintiffs are similarly situated, without regard to arbitration agreements made by the plaintiffs.")

At the second step of the process, typically after the close of the opt-in period and discovery, the defendant may move to decertify the collective action if the record reveals that the opt-in plaintiffs are not similarly situated. Mooney, 54 F.3d at 1214. Renewed factual findings can then be made to determine whether the 'opt-in' plaintiffs are, in fact, similarly situated to the named Plaintiff. Gathmann-Landini, No. CV 15-6867 (JMA)(AYS), 2018 WL 3848922, at *9. If they are not, then "the court will decertify the class, the claims of the opt-in plaintiffs will be dismissed without prejudice, and the

class representatives may proceed to trial on their individual claims." *Id.* (quoting *Bifulco v. Mortgage Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009)).

III. DISCUSSION

The Court finds the plaintiff's motion for conditional certification should be granted. Based on the factual record before the Court, the plaintiffs have provided enough factual support for their allegations that a class of similarly situated employees likely exists based on a potentially FLSA-violating policies that, if proven, would give rise to class-wide liability. *See Bouaphakeo I*, 765 F.3d at 796. Specifically, plaintiffs offer sworn declarations that the plaintiffs and members of the proposed conditional collective action opt-ins all work or have worked at a single location owned and operated by the defendants and were all subject to the same working conditions. The record shows that the dancers were all classified as independent contractors and were not paid wages. They all appear to be subject to the same or similar requirements regarding membership, house fees, tip outs and rules of conduct and attire. Club Omaha's business practices do not appear to vary in any meaningful way between individual dancers.

The defendants' only argument against the conditional certification motion is based on arbitration clauses of the plaintiffs' and potential conditional collective class members' contracts. The arbitration issue is properly resolved at the second stage of the collective class certification process. The plaintiffs vigorously contest the validity and applicability of the arbitration clauses and the matter is the subject of a pending motion to dismiss, for summary judgment or to compel arbitration. The Court finds that, based on the evidence before the Court in connection with this and other motions, the

defendants have not shown by a preponderance of evidence that the arbitration clauses are valid. *See, e.g.*, *Haworth*, 448 F. Supp. 3d at 1076 (finding insufficient evidence in the record to conclude that plaintiffs had assented to arbitration). Because the plaintiffs have satisfied their burden at this first stage of the certification process, and because the defendants have not presently demonstrated how the arbitration agreements defeat conditional certification, the Court finds the plaintiffs motion for conditional collective class certification should be granted. On this record, the court agrees that "[w]ithholding notice because of the existence of an arbitration agreement [would] presuppose[] the enforceability of the agreement." *Gonzalez*, No. 218CV00979APGCWH, 2019 WL 3430770, at *5.

The instant motion involves only the first step of the collective class certification process, i.e., whether the proposed opt-in members are "similarly situated" such that conditional certification and notice are appropriate. The defendants' argument essentially amounts to an invitation for the Court to adjudicate the validity of the arbitration agreements, but that sort of merits-based determination goes to the defendants' defenses, not whether the op-ins are similarly situated, and is better resolved in a different proceeding.[5] The Court finds that the plaintiffs have demonstrated they are similarly situated and accordingly, the motion for conditional certification should be granted.

The Court has reviewed the plaintiffs' proposed notice and opt-in consent form and generally finds they are satisfactory. In the notice, the court must respect judicial neutrality and avoid even the appearance of endorsing the action's merits. *Hoffman-La*

---

[5] The validity of the arbitration agreement will be addressed in the defendant's pending motion to dismiss, for summary judgment, or to compel arbitration. Filing No. 67.

12

Roche, 493 U.S. at 174. The defendants have raised no objections to the form of the notice.

In conformity with the Court's ruling on the plaintiffs' motion for a preliminary injunction, Filing No. 75, the Court will instruct the plaintiffs to add the following to the notice: "The law prohibits retaliation against employees for exercising their rights under the FLSA. Club Omaha is prohibited from discharging or retaliating against you for choosing to participate in this action." Also, the Court's definition of the conditional collective class as including opt-ins who work or worked at Club Omaha for the three years preceding the date of this order reflects the plaintiffs' statute of limitations concerns. *See* Filing No. 83, Memorandum and Order at 11-12.

The plaintiffs propose sending notice of the lawsuit to potential class members using mail, email, and text message and later sending a reminder postcard and an email. The Court finds that notice by text message, though somewhat invasive, is appropriate in light of the transient nature of exotic dancers' employment.[6] However, the Court finds reminder notices are excessive. *See Fontenot v. McNeil Indus., Inc.*, No. 4:17CV3113, 2018 WL 5724863, at *4 (D. Neb. Sept. 9, 2018). The Court finds a one-time contact via mail, email, and text message will likely be sufficient to notify potential opt-ins of the action. In the event mail, email or text messages are returned,

---

[6] Notice by text message has been approved by a number of courts. *See, e.g., Desio v. Russell Road Food and Beverage, LLC*, No. 2:15–cv–01440–GMN–CWH, 2017 WL 4349220, at *5 (D. Nev. Sept. 29, 2017) (finding that due to the transient nature of dancers, contact via text messages does not seem "unnecessary and redundant."); *Avendano et al. v. Averus, Inc.*, No. 14-cv-01614, 2016 WL 11692088, at *2 (D. Colo. Oct. 25, 2016) ("Given the undisputed transient nature of the class and Plaintiff's assertion that text messaging is the most reliable form of communication, the Court finds that notification by text message is likely to be a viable and efficient means of notifying many prospective members of this collective action."); *Vasto v. Credico (USA) LLC*, No. 15 Civ. 9298 (PAE), 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016) (authorizing email and text message distribution where "the nature of the employer's business facilitated a high turnover rate among employees."); *Eley v. Stadium Grp., LLC*, No. 14–cv–1594 (KBJ), 2015 WL 5611331, *3 (D.D.C. Sept. 22, 2015) (approving distribution of FLSA collective action notices via mail, email and text message, holding that such means of distribution are "in line with what has been approved in other FLSA collective actions.")

13

the Court will reconsider the issue of follow-up notice. To effectuate the notices, the defendants will be ordered to provide the potential conditional collective class members' last known addresses, email addresses, and cell phone numbers to the plaintiffs. The defendants will also be ordered to conspicuously post the notice at Club Omaha. Accordingly,

IT IS ORDERED that:

1. Plaintiff's motion for conditional certification (Filing No. 14) is granted.

2. This action is certified as an FLSA collective action, consisting of:

> All individuals who currently work and/or previously worked at Club Omaha as exotic dancers and were classified as independent contractors at any time in the three years preceding the date of this order.

3. Within 14 days of the date of this order, the defendants shall provide the named plaintiffs with a list of the names, last-known mailing and e-mail addresses, and telephone numbers for all individuals who currently work and/or previously worked at Club Omaha as exotic dancers and were classified as independent contractors at any time in the three years preceding the date of this order.

4. Within 14 days thereafter, the plaintiffs shall cause notice, substantively in the form of Filing No. 16-1 with additional language as set forth in this order, and opt-in consent forms, substantively in the form of Filing No. 16-2, to the potential members of the conditional collective class by first class mail, e-mail, and text message.

5. Club Omaha shall permit the plaintiff to visibly post a notice in substantial conformity with the notices sent to potential opt-ins on the premises of Club Omaha.

Dated this 3rd day of December, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge