In THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA GROVE, individually and on behalf of similarly situated individuals;<br><br>Plaintiff,<br><br>vs.<br><br>MELTECH, Inc.; H&S CLUB OMAHA, INC., and SHANE HARRINGTON,<br><br>Defendants. | 8:20CV193<br><br>MEMORANDUM and ORDER |

This matter is before the Court on the defendants' motion for reconsideration, a protective order and a stay, Filing No. 87, and on the plaintiff's motion for civil contempt, Filing No. 92. This is an action for damages and injunctive relief brought pursuant to the fair Labor Standards Act, 29 U.S.C. § 203.

Defendants seek reconsideration of the Court's order granting the plaintiff's motion for conditional certification of class, Filing No. 85, and ask for a stay pending resolution of the plaintiff's motion to dismiss, Filing No. 67. They also seek a protective order with respect to the production of names and contact information of potential collective class members. They contend the Court's ruling on the plaintiff's motion for conditional class certification was premature absent a ruling on their then-pending motion to dismiss, for summary judgment and to compel arbitration. The Court has now entered an order denying the defendants' earlier motion, so the defendants' arguments in that regard have been rendered moot.

The plaintiff and collective class opt-ins move for an order of civil contempt based on the defendants' present refusal and professed future unwillingness to comply with the

1

Court's earlier order to produce the identities of potential collective class members to the plaintiff.

Federal Rule of Civil Procedure 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). The Rule provides that "a party may be relieved from an order of the Court under certain enumerated circumstances, including mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Motions for reconsideration are subject to an exacting standard, and are reserved for "manifest errors of law or fact." *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013); *see also Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (noting that "[m]options for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.") Motions for reconsideration "cannot serve as a vehicle for new legal theories or arguments 'which could have been offered or raised prior to the entry of [the order under consideration].'" *Painters Dist. Council No. 2 v. Anthony's Painting*, LLC, 494 F. App'x 703, 705 (8th Cir.2012) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934 (8th Cir. 2006)).

Even if the defendants' prematurity arguments were not moot, the Court would decline to reconsider the class certification motion on the merits. The Court considered the defendants' argument that certification would be premature in its conditional certification order. Filing No. 85, Memorandum and Order at 8. The validity of an arbitration agreement is considered at the second or decertification stage of the litigation. *See id.* Defendants in this case have not identified any manifest error or omission that

would warrant reconsideration of the Court's conditional certification order. Further, the conditional certification does not prejudice the defendants because, by its nature, it is a preliminary ruling.

The Court also finds that the defendants' alternative requests—that the Court limit the time period for the collective action to two years, and that the contact information for collective action members be limited to email addresses—should be denied. The defendants failed to raise these issues in response to the plaintiff's conditional certification motion.

Even if they had done so, the Court would have denied those requests. A three-year collective period applies at the conditional certification stage when willfulness has been alleged. *See* Filing No. 85, Memorandum and Order at 13; Filing No. 83, Memorandum and Order at 11-12. Moreover, the defendants' argument that providing contact information invades employees' privacy is unavailing. "[T]he mere possibility of abuses does not justify routine adoption of a communications ban that interferes with the formation of a class or the prosecution of a class action in accordance with the Rules." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 104 (1981); *see also Gordon v. Kaleida Health*, 737 F. Supp. 2d 91, 98 (W.D.N.Y. 2010) (finding similar argument "of doubtful validity" because any such privacy interests "should give way to the employees' important interests, created by the FLSA, to be appraised of [a] collective action and their right to elect to consent to join in the action to gain the additional compensation to which Plaintiffs assert they and similarly situated employees are entitled."); *see also Soto v. O.C. Commc'ns, Inc.*, 319 F. Supp. 3d 1165, 1167 (N.D. Cal. 2018) (stating that "in almost all FLSA collective actions, the names and contact information of similarly situated

employees is discoverable; that information is 'relevant to [a] party's claim or defense' and almost always 'proportional to the needs of the case.'"); *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 673 & n.23 (D. Kan. 2003) ("Other lower courts addressing whether to permit discovery of the names and addresses of other similarly-situated employees in section 216(b) FLSA actions have almost universally permitted discovery of this information."). The defendants have made no showing that it is necessary, via a protective order, to restrict or limit the plaintiffs' communications with potential class members. Also, the defendants' expressions of concern about the putative collective action members' privacy is undermined by the defendants' conduct in this case. *See* Filing No. 83, Memorandum and Order at 12-13. Accordingly, the Court finds the defendants' motion for reconsideration should be denied.

The plaintiff's motion for civil contempt is premised on the contention that the defendants have refused to comply with the Court's order to identify and provide contact information for potential collective action members. With the Court's ruling on this motion and the earlier motion, the defendants cannot justify noncompliance on the basis of pending motions. The Court will grant the defendants one week to comply with the Court's earlier order. If the defendants comply with the Court's order, the motion for civil contempt will be rendered moot and will be denied. Should the defendants fail to comply with the Order, the Court will entertain the contempt motion and will schedule a hearing.

The Court has already found that defendant Harrington engaged in improper conduct in in attempting to prevent dancers from joining this case, and the Court has enjoined any such future conduct. *See* Filing Nos. 83 & 84. Continued defiance of the Court's orders will result in appropriate sanctions, including contempt. Because it

appears that defendants' counsel may not be familiar with the procedures and operations of this Court and the obligations of attorneys practicing before it, the Court will require defendants to obtain local counsel for future proceedings in this action.

IT IS ORDERED:

1. The defendants' motion for reconsideration (Filing No. 87) is denied.

2. Within seven days of the date of this order, the defendants shall produce to the plaintiff the names, last known mailing and e-mail addresses, and telephone numbers for all individuals who currently work and/or previously worked at Club Omaha as exotic dancers at any time in the three years preceding the date of the Court's conditional class certification order (Filing No. 85).

3. The plaintiff's motion for civil contempt (Filing No. 92) will be held in abeyance pending the defendants' compliance with this Memorandum and Order.

4. The defendants shall promptly obtain local counsel to assist in the defense of this action.

Dated this 12th day of January, 2021

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge