IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA GROVE, individually and on behalf of similarly situated individuals; and CHRYSTINA WINCHELL, individually and on behalf of similarly situated individuals;<br><br>Plaintiffs,<br><br>vs.<br><br>MELTECH, Inc.; H&S CLUB OMAHA, INC., and SHANE HARRINGTON,<br><br>Defendants. | 8:20CV193<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the plaintiffs' renewal, Filing No. 109, of their earlier motion for civil contempt, Filing No. 92. This is a conditional collective class action for recovery of wages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. § 48-1201 *et seq.*, Jurisdiction is based on a federal question under 28 U.S.C. § 1331.

On December 3, 2020, this Court granted the plaintiffs' motion for conditional certification and ordered the defendants to produce names and contact information for collective action members within fourteen days of the date of that order. Filing No. 85. The defendants filed a motion for reconsideration, which the Court denied on January 12, 2021, ordering the defendants to respond to the Court's earlier order by January 19, 2021. Filing No. 99. In that order, the Court also ordered the defendants to obtain local counsel. *Id.* The defendants have not complied with those orders to date. The plaintiffs seek an order finding the defendants in civil contempt, directing the defendants to comply with the

1

order on conditional certification, and impose a monetary fine against the defendants in the Court's discretion.[1] Filing No. 92.

Federal courts have inherent authority that "includes 'to fashion an appropriate sanction for conduct which abuses the judicial process.'" Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. ——, ——,137 S. Ct. 1178, 1186 (2017) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991)).[2] That authority includes sanctioning "a party's failure to comply with a 'clear and specific' underlying order." Chaganti & Assocs., P.C. v. Nowotny, 470 F.3d 1215, 1223 (8th Cir. 2006) (quoting Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 293 F.3d 409, 418 (8th Cir. 2002)).

If the Court finds clear and convincing evidence of civil contempt, it may impose sanctions "either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." Chi. Truck Drivers v. Bhd. Labor Leasing, 207 F.3d 500, 505 (8th Cir. 2000). One permissible way to sanction a defendant for civil contempt is to order it to pay the complainant's reasonable attorney fees and costs. See Goodyear, 137 S. Ct. at 1186. "[T]he court can shift only those

---

[1] Traditionally, contempt sanctions are civil if they are coercive and remedial, and criminal if they are punitive. Jake's, Ltd., Inc. v. City of Coates, 356 F.3d 896, 901 (8th Cir. 2004). This dichotomy between coercive and punitive imprisonment has been extended to the fine context. See Int'l Union, United Mine Workers of Am, v. Bagwell, 512 U.S. at 821, 829 (1994). A contempt fine accordingly is considered civil and remedial if it either coerces the defendant into compliance with the court's order, or compensates the complainant for losses sustained. Id. Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge the contempt. Id.

[2] The Federal Rules of Civil Procedure and statutory sanction regimes also provide that 'a district court may order a party to pay attorney's fees "caused by" discovery misconduct, or "directly resulting from" misrepresentations in pleadings, motions, and other papers, or for unreasonably multiplying proceedings. Haeger, 137 S. Ct. at 1186; see Fed. R. Civ. P. 37(b)(2)(C); Fed. R. Civ. P. 11(c)(4); 28 U.S.C. § 1927.

attorney's fees incurred because of the misconduct at issue." *Id.* (discussing the important distinction between compensatory and punitive sanctions).

"[B]efore a district court may impose sanctions, the individual must receive notice that sanctions against her are being considered and an opportunity to be heard." *Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005). "'[T]he opportunity to be heard does not necessarily entitle the subject of a motion for sanctions to an evidentiary hearing[,]" but the need for a hearing is 'obviated when there is no disputed question of fact or when sanctions are based entirely on an established record.'" *In re Reed*, 888 F.3d 930, 938 (8th Cir. 2018) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 335 (2d Cir. 1999)).

The Court finds a hearing on the plaintiffs' civil contempt motion will benefit the Court. Accordingly,

1. Defendants shall respond to the plaintiffs' motion and renewed motion for civil contempt within 14 days of the date of this order.

2. Defendants shall appear and show cause why they should not be held in contempt at a hearing before the undersigned on February 19, 2021, at 2:00 p.m.

Dated this 29th day of January, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

3