UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA GROVE and<br>CHRYSTINA WINCHELL,<br>individually and on behalf<br>of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MELTECH, INC.,<br>H&S CLUB OMAHA, INC.,<br>and SHANE HARRINGTON,<br><br>Defendants. | NO. 8:20-CV-00193-JFB-MDN |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL
MOTION TO DISQUALIFY DEFENDANTS' COUNSEL**

**I.   INTRODUCTION**

Plaintiffs seek to supplement their Motion to Disqualify Attorney Evan Spencer, filed on February 18, 2021 (Dkt. 124). After the contempt hearing which took place in this case last Friday, Defendant Harrington announced to Club Omaha dancers that he was retiring from the club and moving to Florida, and that Attorney Spencer would be one of the people taking over the day-to-day operations of the club.[1] See Ex. A to Savytska Decl. ("I am basically retiring form the club business and @Brad Contreras and @Evan Spencer will take over all Club Omaha duties."). Mr. Spencer's active involvement in Club Omaha operations warrants disqualification on the additional ground that Mr. Spencer is a necessary witness in this case. Spencer's active involvement in the club's operations, his financial interest in the club, and his shared liability for

---

[1] Plaintiffs intend to move to add Mr. Spencer as a Defendant in this case.

the club's violations preclude him from representing the Defendants in this case. For these reasons, along with those detailed in Plaintiffs' February 18 motion, Attorney Spencer must be disqualified from this case.

## II. ARGUMENT

In addition to Attorney Spencer's troubling and extremely unprofessional conduct in this case to date, which, on its own, warrants Mr. Spencer's disqualification, Mr. Spencer will now be, and may well have already been, running Club Omaha. Accordingly, he cannot competently represent the Defendants in this case. By virtue of his position at Club Omaha's helm, Mr. Spencer will be a key witness in any trial or other proceeding against the club, and should therefore be disqualified from representing the Defendants. Mr. Spencer's involvement in the Club Omaha's day to day operations, and his financial interest in the club would impermissibly taint the proceedings, and make Spencer's representation of the club highly inappropriate. Put simply, Spencer cannot both have a stake in Club Omaha and continue to represent Club Omaha in the proceedings.

Spencer's in-depth involvement in Club Omaha's operations makes him a key witness, and warrants immediate disqualification. A lawyer can be disqualified from a case where he is a "'necessary' witness—that is, (a) the lawyer must be 'necessary' in the sense that there are things to which he is the only one available to testify and (b) the jury will likely become aware of the lawyer's dual role." Turner v. AIG Dom. Claims, Inc., 823 F. Supp. 2d 899, 907 (D. Neb. 2011). "One purpose of the necessary witness rule is to avoid the possible confusion which might result from the jury observing a lawyer act in dual capacities—as witness and advocate. Droste v. Julien, 477 F.3d 1030, 1035–36 (8th Cir. 2007). While this rule "does not normally disqualify the lawyer from performing pretrial activities[,] the one exception is when the 'pretrial activity

includes obtaining evidence which, if admitted at trial, would reveal the attorney's dual role.'" Id. (quoting World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc., 866 F.Supp. 1297, 1303 (D.Colo.1994)). In this case, Spencer is not just a necessary witness – he is now a key decisionmaker at Club Omaha, and one of the two people responsible for the day-to-day operations of the club.

Spencer's deep involvement in the club's operations makes him complicit in the club's wage and hour violations, and renders impossible a meaningful distinction between his role as advocate and as a responsible party in this case. Spencer must be disqualified immediately. As the Second Circuit explained, "An attorney acts as an unsworn witness when his relationship to his client results in his having first-hand knowledge of the events presented at trial. If the attorney is in a position to be a witness, ethical codes may require him to withdraw his representation." U.S. v. Locascio, 6 F.3d 924, 933 (2d Cir. 1993). "*Even if the attorney is not called*, however, he can still be disqualified, since his performance as an advocate can be *impaired by his relationship to the events in question.* For example, the attorney may be constrained from making certain arguments on behalf of his client because of his own involvement, or may be tempted to *minimize his own conduct at the expense of his client*." Id. (emphasis added). "Moreover, his role as advocate may give his client an unfair advantage, because the attorney can subtly impart to the jury his first-hand knowledge of the events without having to swear an oath or be subject to cross examination." Id.; see also United States v. McKeon, 738 F.2d 26, 34–35 (2d Cir.1984) (requiring disqualification where attorney would be essentially acting as both an advocate and a witness); United States v. Cunningham, 672 F.2d 1064, 1075 (2d Cir.1982) (upholding disqualification where an attorney would act as an unsworn witness for defendant); United States v. Castellano, 610 F.Supp. 1151, 1167 (S.D.N.Y. 1985)

(finding that attorney's appearance at counsel table, where attorney's acceptance of benefactor payments could be used to prove existence of criminal enterprise, would itself distort the factfinding process). All of these considerations warrant the disqualification of Mr. Spencer here.

Spencer will be more than just privy to the events happening at Club Omaha, including the rules applicable to dancers, their classification as independent contractors, tip-outs and fees – he will be a **central actor** in the club's operations. In similar circumstances, courts have disqualified counsel. See Noval Williams Films LLC v. Branca, 128 F. Supp. 3d 781, 790 (S.D.N.Y. 2015) ("Plaintiff's counsel . . .served as a producer of Plaintiff's documentary, served as transactional and intellectual property counsel in connection with the film, and negotiated licensing agreements at issue in this action . . . was involved in obtaining the license for the disputed photographs, and remains one of Plaintiff's managers."); Premium Products, Inc. v. Pro Performance Sports, LLC, 997 F. Supp. 2d 433, 436 (E.D. Va. 2014) ("Spiegel is not only the sole inventor of the patent at issue but also the sole prosecuting attorney both of the patent and the trade dress. Moreover, Spiegel is the sole owner, officer, and director of Premium and has been since Premium's incorporation in 1984. Given the depth of Spiegel's involvement, it is clear that Spiegel would be a necessary witness at trial."); (Royal Travel, Inc. v. Shell Mgt. Hawaii, Inc., 2009 WL 649929, at *1 (D. Haw. Mar. 12, 2009) "Mr. Blanton is the president of Royal Travel . . . a travel service business, and its operations include the acquisition of real and personal property in the United States and elsewhere. Defendants state that Mr. Blanton has owned and regularly rented out a unit in Keauhou Gardens I since 1994 . . .Further, Mr. Blanton is on the Board of Directors of the Keauhou Gardens I AOAO."); World Youth Day, 866 F. Supp. at 1302 (D. Colo. 1994) ("Zalon is the only individual on FAME's side with first-hand non-privileged knowledge of many relevant and material facts at issue in this case. For instance,

Zalon and Ortiz were the *only* participants in numerous and lengthy telephone negotiations concerning the detailed agreement, the contents of which are directly relevant to WYD's claims for breach of implied contract and breach of the duty of good faith."). Here, Spencer's extensive involvement in Club Omaha's operations, his likely financial stake in the club, and his potential shared liability for the club's violations, disqualify him from representing Defendants.

### III. CONCLUSION

In light of his extensive personal involvement in the operations of Club Omaha, and his role as a key witness in this case, Spencer must be disqualified as counsel for Defendants.

DATED: February 23, 2021

Respectfully submitted,

ANDREA GROVE, and
CHRYSTINA WINCHELL,
on behalf of themselves
and all others similarly situated,

By her attorneys,

/s/ Olena Savytska
Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
osavytska@llrlaw.com

### CERTIFICATE OF COMPLIANCE PURSUANT TO RULE 7.1(d)(3)

I hereby certify that this brief complies with the word limits set out in Rule 7.1(d)(1)(A). This brief, including the caption, headings, footnotes, and quotations, contains a total of 1250 words.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 23 day of February, 2021, a copy of the foregoing document was filed electronically through the Court's CM/ECF system, which will send notice of this filing to all counsel of record.

                                      /s/ Olena Savytska
                                      Olena Savytska, Esq.