IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA GROVE, individually and on behalf of similarly situated individuals; and CHRYSTINA WINCHELL, individually and on behalf of similarly situated individuals;<br><br>Plaintiffs,<br><br>vs.<br><br>MELTECH, Inc.; H&S CLUB OMAHA, INC., and SHANE HARRINGTON,<br><br>Defendants. | 8:20CV193<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the following inter-related motions: the plaintiffs' motion for civil contempt, Filing No. 92; the plaintiffs' renewed motion for civil contempt, Filing No. 109; the defendants' motion for miscellaneous relief, Filing No. 118; the plaintiffs' motion to dismiss the defendants' counterclaims for failure to state a claim, Filing No. 123; the plaintiffs' motion to disqualify counsel, or for sanctions, Filing No. 124; the plaintiffs' supplemental motion for contempt, Filing No. 126; the plaintiffs' supplemental motion to disqualify, Filing No. 129; the plaintiffs' emergency motion for corrective notice, sanctions, and attorney's fees, Filing No. 146; and the defendants' motion to compel arbitration of Tonya Contreras, Filing No. 150.

The Court conducted a hearing on February 19, 2021, and a telephone conference on March 11, 2021. The Court was advised that the defendants have complied with the Court's order on providing notice to potential plaintiffs. The parties and the Court discussed pejorative statements in a pleading filed by the defendant. *See* Filing No. 152-2. Such pejorative information is clearly inappropriate, and the Court ordered the pleading

1

sealed. The Court finds that sanctions in the form of an award of attorney fees to the plaintiffs for responding to the defendants' filing should be imposed, and the plaintiffs' motion for sanctions, Filing No. 146, will be granted to that extent.

The Court is troubled by the defendants' and counsel's conduct in this litigation thus far, but finds that additional sanctions should not be imposed at this time. It appears that the FLSA collective action notices earlier ordered by the Court have been disseminated and the defendants have dismissed their appeal of the Court's order denying their motion to compel arbitration. The defendants have also obtained local counsel as directed by the Court. Further, defendants agreed to file under seal any further pleadings that contain disparaging information about any individuals. At a telephonic conference before Magistrate Judge Nelson on March 22, 2021, defense counsel professed willingness to cooperate with the Court and with plaintiffs' counsel. Filing No. 167, audio file. The plaintiffs have not established that defendants' counsel should be disqualified by reason of his status as a potential witness. Further, in light of the defendants' compliance with the notice order, it does not appear that corrective notice is warranted. It thus appears that the contempt-related and disqualification motions, Filing Nos. 92, 109, 124, 126, 129 and 146, have either been rendered moot to some extent or are premature. Accordingly, those motions will be denied at this time without prejudice to reassertion.

Defendants are admonished, however, not to engage in any conduct, via social media or otherwise, to dissuade any dancer from opting in to the collective action. Defendants' counsel is also advised that future instances of failure to comply with the

Court's orders or of contumacious conduct may result in sanctions, up to and including entry of judgment against the defendants.

In their motion for miscellaneous relief and opposition to the renewed motion for contempt, Filing No. 118, the defendants reassert arguments that the Court earlier rejected. The Court finds that motion should be denied. The defendants' motion to compel arbitration of Tonya Contreras, Filing No. 150, also raises the same arguments earlier rejected by the Court. In light of the defendants' dismissal of their appeal of the Court's order denying the earlier motions for arbitration, the defendants' recent motion to compel will be denied.

With respect to the pending motion to dismiss the defendants' counterclaims, Filing No. 123, that motion may be rendered moot by motions to file amended pleadings that are pending in front of the Magistrate Judge. *See* Filing Nos. 132 and 163. Accordingly, that motion will also be denied without prejudice to reassertion. Therefore,

IT IS ORDERED that

1. Plaintiffs' motion, renewed motion, and supplemental motion for civil contempt (Filing Nos. 92, 109, and 126) are denied without prejudice to reassertion.

2. Plaintiffs' motion and supplemental motion to disqualify counsel, or for sanctions (Filing Nos. 124 and 129) are denied without prejudice to reassertion.

3. Defendants' motion for miscellaneous relief (Filing No. 118) is denied.

4. Plaintiffs' emergency motion for corrective notice, sanctions, and attorney's fees (Filing No. 146) is granted in part and denied in part, as set forth in this order.

5. Plaintiffs' Motion to dismiss the defendants' counterclaims for failure to state a claim (Filing No. 123) is denied.

3

6. Defendants' motion to compel arbitration of Tonya Contreras (Filing No. 150) is denied.

7. Within 7 days of the date of this order, the plaintiffs shall submit a statement of attorney fees incurred in connection with responding to the defendants' filing of disparaging statements concerning potential members of the collective class.

Dated this 15th day of April 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge