IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA GROVE, individually and on behalf of similarly situated individuals; and CHRYSTINA WINCHELL, individually and on behalf of similarly situated individuals; | 8:20CV193 |
| Plaintiffs/Counter Defendants, | ORDER |
| vs. | |
| MELTECH, Inc.; H&S CLUB OMAHA, INC., and SHANE HARRINGTON, | |
| Defendants/Counter Claimants. | |

This matter is before the Court on Plaintiffs' Motion to Amend Complaint (Filing No. 132) and Defendants' Motion to File Amended Answer to Amended Complaint (Filing No. 163). Plaintiffs seek leave to file a Second Amended Complaint (Filing No. 133-1) that adds Brad Contreras as a defendant. Plaintiffs allege defendant Shane Harrington informed dancers at Club Omaha in a private chat, and later announced on social media, that as of February 19, 2021, Harrington was retiring and moving to Florida and was turning Club Omaha over to Contreras. (Filing No. 134-1). Based upon Harrington's representation that Contreras will be taking over Harrington's role at Club Omaha, Plaintiffs seek to file an amended pleading that adds Contreras as a defendant, alleging:

> Defendant Brad Contreras is the manager of Club Omaha. Upon information and belief, starting on or about February 19, 2021, Contreras has taken over all aspects of the day-today operations of Club Omaha from Defendant Harrington. As such, Contreras is currently responsible for directing the day-to-day operations of Club Omaha, and making all decisions regarding the exotic dancers' classification and compensation, and promulgating and enforcing the policies applicable to the exotic dancers working at Club Omaha.

(Filing No. 133-1 at p. 3). Plaintiffs' proposed amended pleading does not otherwise change the substance of their claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. §48-1201 et seq.

Federal Rule of Civil Procedure 15 provides that the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a party does not have an absolute right to amend, and "[a] district court may deny leave to amend if there are

compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted).

Defendants oppose the motion for leave to amend solely on the basis of futility. (Filing No. 168). "An amendment is futile if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6).'" *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018)(quoting *Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014). "To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hillesheim*, 897 F.3d at 955 (quoting *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017)(en banc)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 566 (2007)). When considering a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the nonmoving party. See *Palmer v. Ill. Farmers Ins. Co.*, 666 F.3d 1081, 1083 (8th Cir. 2012); Fed. R. Civ. P. 12(b)(6). The court ordinarily does not consider matters outside the pleadings on a motion to dismiss. See Fed. R. Civ. P. 12(d). Matters outside the pleadings include "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 948 (8th Cir. 1999). The court may "consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011)(quoting *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010)).

Defendants argue Plaintiffs' proposed amended pleading adding Contreras as a defendant is futile because Contreras does not qualify as an "employer" under the FLSA or NWHA. Defendants state Contreras does not have any ownership interest or control in Club Omaha, which is still exclusively owned and operated by Harrington. Defendants contend that under the FLSA, "employer liability only accrues when the putative 'employer' has a financial stake in the business

and is not merely a salaried employee." (Filing No. 168 at p. 3). Defendants assert Harrington's social media post was "about personal lifestyle fantasy intentions, not a binding contract or corporate resolution." (Filing No. 168 at p. 2). Harrington states that "turning the club over" to Contreras was a "figure of speech" and that Harrington is still solely responsible for the club. (Filing No. 169-8 at p. 2). Defendants filed an index of evidence with various documents purporting to show that Harrington still owns Club Omaha and that Contreras does not have any ownership control and is simply Harrington's salaried employee. (Filing No. 169).

The FLSA broadly defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). Similarly, the NWHA's definition of employer includes "any individual. . . acting directly or indirectly in the interest of an employer in relation to an employee[,]" Neb. Rev. Stat. § 48-1202, and courts in this district have concluded the NWHA "was intended to have substantially the same coverage as the FLSA." *Baouch v. Werner Enterprises, Inc.*, 244 F. Supp. 3d 980, 1003 (D. Neb. 2017), aff'd, 908 F.3d 1107 (8th Cir. 2018)(quoting *Petrone v. Werner Enterprises, Inc.*, 2013 WL 3479280, at *4 (D. Neb. July 10, 2013)). Consistent with the FLSA's intent, courts "liberally construe [the FLSA] 'to apply to the furthest reaches consistent with congressional direction' in fulfillment of its humanitarian and remedial purposes.'" *Perez v. Contingent Care, LLC*, 820 F.3d 288, 292 (8th Cir. 2016)(quoting *Brennan v. Plaza Shoe Store, Inc.*, 522 F.2d 843, 846 (8th Cir. 1975)). As such, the FLSA's broad and comprehensive definitions may encompass more working relationships that may not have fit prior common law definitions of employment. See *Walling v. Portland Terminal Co.*, 330 U.S. 148, 150-51 (1947)("[The FLSA] contains its own definitions, comprehensive enough to require its application to many persons and working relationships, which prior to this Act, were not deemed to fall within an employer-employee category.").

The FLSA does not require an "employer" to have a financial stake or ownership in a business, as suggested by Defendants. Instead, when determining whether an individual is an "employer" under the FLSA, courts look to whether the alleged employer possessed the power to control the plaintiff-worker, taking into account the "economic reality" presented by the facts of each case. See *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961); *Le v. Regency Corp.*, 957 F. Supp. 2d 1079, 1089 (D. Minn. 2013). In assessing whether an individual qualifies as an employer, courts within the Eighth Circuit consider whether the alleged employer (1) had hiring and firing power, (2) supervised and controlled the plaintiff's work schedules or conditions

of employment, (3) determined the rate and method of payment, and (4) maintained the plaintiff's employment records. See *Childress v. Ozark Delivery of Missouri L.L.C.*, 95 F. Supp. 3d 1130, 1139 (W.D. Mo. 2015); *Roeder v. DIRECTV, Inc.*, No. C14-4091-MWB, 2015 WL 5603050, at *5 (N.D. Iowa Sept. 22, 2015). More than one entity or individual may qualify as an employer under the FLSA in respect to specific employees. See *Solis v. Hill Country Farms, Inc.*, 808 F. Supp. 2d 1105, 1113 (S.D. Iowa 2011), aff'd, 469 F. App'x 498 (8th Cir. 2012); see also *Falk v. Brennan*, 414 U.S. 190, 195 (1973)("[T]he FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA").

Here, Plaintiffs seek to amend their pleading to add Contreras as a defendant because of Harrington's representation that he is retiring and turning over his role with Club Omaha to Contreras. Plaintiffs allege that as of February 19, 2021, Contreras has taken over all aspects of the day-to-day operations of Club Omaha from Harrington, and is currently responsible for directing the day-to-day operations of Club Omaha, and for making all decisions regarding the exotic dancers' classification and compensation, and for promulgating and enforcing the policies applicable to the exotic dancers working at Club Omaha. Although the defendants deny these factual allegations, when assessing a motion to dismiss the court must accept as true all factual allegations in the complaint and draws all reasonable inferences in favor of the nonmoving party. See *Palmer*, 666 F.3d at 1083. And, such a factual dispute is more appropriate for resolution on a motion for summary judgment after discovery, not on a motion to dismiss. See *Holland v. Bordelon*, No. 4:20-CV-00344-KGB, 2021 WL 966422, at *7 (E.D. Ark. Mar. 15, 2021)(assessing whether a person is an employer "is a fact-based inquiry" not appropriate for resolution on a motion to dismiss); *Arnold v. DirecTV, Inc.*, No. 4:10CV00352AGF, 2011 WL 839636, at *6 (E.D. Mo. Mar. 7, 2011) (determining a defendant's status as an FLSA "employer" is a matter "that is appropriate for consideration on a motion for summary judgment, but not on a motion to dismiss").

The pleading standard under Rule 12(b)(6) only requires that a plaintiff allege sufficient facts to state a plausible claim. The Court finds Plaintiffs' proposed second amended complaint pleads sufficient facts to add Contreras as a defendant in this case. Therefore, Plaintiffs' proposed amendment is not futile, and Plaintiffs will be granted leave to file their proposed second amended complaint (Filing No. 133-1) adding Contreras as a defendant.

In light of the Court granting Plaintiffs' request for leave to file an amended pleading, Defendants' motion for leave to amend their answer is moot, as they will have an opportunity to file a new responsive pleading to Plaintiffs' second amended complaint. Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Motion to Amend Complaint (Filing No. 132) is granted.
2. Plaintiffs shall file their Second Amended Complaint (Filing No. 133-1) on or before **April 30, 2021**.
3. Defendants' Motion to File Amended Answer to Amended Complaint (Filing No. 163) is denied as moot. Defendants shall file a responsive pleading to Plaintiffs' Second Amended Complaint within 14-days after Plaintiffs file their amended pleading.

Dated this 16th day of April, 2021.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge