UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA GROVE, and<br>CHRYSTINA WINCHELL,<br>individually and on behalf<br>of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MELTECH, INC.,<br>H&S CLUB OMAHA, INC.,<br>SHANE HARRINGTON, and<br>BRAD CONTRERAS,<br><br>Defendants. | NO. 8:20-CV-00193-JFB-MDN |

## DECLARATION OF OLENA SAVYTSKA

Olena Savytska, being duly sworn, hereby states as follows:

1. My name is Olena Savytska. I am an attorney at Lichten & Liss-Riordan, P.C., and counsel of record for Plaintiffs in this case.

2. I submit this Declaration in support of Plaintiffs' Renewed Motion to Disqualify and for Sanctions.

3. Plaintiffs originally filed a motion to disqualify Mr. Spencer in February 2021. Although The Court denied Plaintiffs' request for disqualification without prejudice, it noted that "[t]he Court is troubled by the defendants' and counsel's conduct in this litigation thus far" and made an award of attorneys' fees to Plaintiffs' counsel in the amount of $4,865.00, noting that it is "familiar with the tortured history of this action [and] finds that an award is appropriate." [1] Dkts. 175, 191. That order and warning were dated April 15 and May 14, 2021, respectively.

4. On March 1, 2021, Mr. Spencer sent a 19-page letter to Plaintiffs' Counsel which he

---

[1] The Court made the fee award on May 14, 2021. Defendants have not paid these fees to date.

characterized as a Rule 11 "safe harbor notice". This letter was addressed to **all** the attorneys at each of Plaintiffs' Counsel's firms, even though they are not counsel of record, the email enclosing it copied all the attorneys at each firm. A copy of this safe harbor notice is attached as Exhibit A, and is filed under seal. The letter characterizes this case as a "fraudulent conspiracy by five strippers with a variety of personal grievances, substance abuse problems, and psychological issues and no credibility." See Exhibit A. It states that "Plaintiffs and the opt-ins are jointly engaged in a conspiracy to commit litigation fraud thinly veiled as an FLSA class action."

5. In early 2020, Mr. Spencer filed lawsuits against Plaintiff Winchell and opt-ins Lewis and Struble, which claimed "breach of contract" and "defamation", and which were ultimately dismissed for inactivity. See Dkts. 72.5, 72.6.

6. In June of 2020, just after this lawsuit was filed, Defendants filed an arbitration demand against Plaintiff Grove with the AAA (Exhibit B). Then in July of 2020, Defendants filed an amended arbitration demand, adding claims against all 11 Plaintiffs and opt-ins then in the case, and seeking $500,000 in damages. (Exhibit C).

7. Mr. Spencer has continued with this arbitration proceeding despite this Court's ruling that the arbitration clause is unenforceable. See Dkt. 94. It also is a blatant violation of the rule against claim splitting given the pendency of the unpursued state court litigation.[2] Defendants filed a second amended arbitration demand with the AAA on June 24, 2021. This demand seeks $1,000,000 in damages against Ms. Grove, Ms. Winchell, and five of the opt-ins. A copy of the demand is attached hereto as Exhibit D.

8. Defendants also filed an Answer with counterclaims in this matter on January 26, 2021. The counterclaims seek $2,000,000 in damages from the Plaintiffs and opt-ins, plus legal

---

[2] It is well established that claim-splitting is discouraged. All claims must be brought together, and cannot be parsed out to be heard by different courts." Sparkman Learning Ctr. v. Arkansas Dept. of Human Services, 775 F.3d 993, 1000 (8th Cir. 2014) (citing Elgin v. Dep't of Treasury, ___ U.S. ___, 132 S.Ct. 2126, 2147, 183 L.Ed.2d 1 (2012).

fees and the costs of this action. Dkt. 110. After a scheduling conference with Judge Nelson, and after Plaintiffs' Motion to Amend their Complaint to add Mr. Contreras as a defendant was granted, Defendants filed an answer without counterclaims on April 30, 2021. Dkt. 181. In an email dated June 24, 2021, following the Parties' mediation session, Mr. Spencer indicated that "Defendants anticipate need to amend pleading to add counter-claims for unjust enrichment[.]"[3] See email attached hereto as Exhibit E.

9. On May 14, 2021, the Parties agreed to participate in court-sponsored mediation, which was set to take place before Judge Nelson on June 22 and 23, 2021. See Dkts. 192, 194, 197. During a May 25, 2021 hearing with Judge Nelson, during which the Parties discussed the logistics of the mediation session, Mr. Spencer stated that "we" have spoken with the opt-ins, and that these individuals would be opting out of the case, a clear violation of this Court's prior orders.[4]

10. Per the Court's instructions, Plaintiffs' Counsel submitted a demand to the Defendants on the evening of June 21, 2021. Although Judge Nelson instructed Defendants to respond prior to the mediation, Plaintiffs' Counsel received no response from Mr. Spencer.

11. After the first day of mediation, Judge Nelson sent a mediator's proposal to both parties, and asked for a response from each party by noon on June 23. Mr. Spencer did not respond to the mediator's proposal as instructed by the Court, and instead sent a lengthy email to Plaintiffs' Counsel at 5 AM on June 23. A copy of this email is attached hereto as Exhibit F, and is filed under seal. The email states that "Plaintiffs, the opt-ins and their

---

[3] As courts have repeatedly recognized, counterclaims are generally preempted by the FLSA. See, e.g., Hose v. Henry Industries, Inc., 2017 WL 386545, at *4 (E.D. Mo. Jan. 27, 2017) ("counterclaims brought by employers seeking indemnity from their employees for liabilities under the FLSA are generally preempted by the FLSA and its broad remedial scheme.").
[4] See Dkt. 84 (granting request for preliminary injunction) IT IS ORDERED that defendants Meltech, Inc.; H&S Club Omaha, Inc., and Shane Harrington, and their officers, agents, servants, employees, and attorneys, are prohibited from retaliating or discriminating in any way against the plaintiffs or similarly situated individuals for involvement with or participation in this action or any other pursuit of claims under the FLSA.").

attorneys potentially have a lot to lose", that "your case is going to put [Plaintiffs and opt-ins] in a terrible predicament" and that "Defendants will be declared the prevailing parties in federal court, state court, and AAA."

12. On the afternoon of June 23, neither Mr. Spencer nor Mr. Penn appeared for the second portion of the parties' mediation session with the Magistrate Judge. Mr. Spencer did not respond to the Court's multiple attempts to reach him.

13. On the early morning of June 24, Mr. Spencer sent a second Rule 11 notice, via email, to various members of Plaintiffs' Counsel's firms, many of whom are not counsel of record in this case. A copy of this email is attached hereto as Exhibit G, and is filed under seal. This email states that "[i]n the event you proceed with either class action, you will be liable for Defendants' attorney's fees (already in excess of $250,000) when Defendants are declared the prevailing parties" and that "all Plaintiffs' attorneys have been advised of [] lies [by the Plaintiffs and opt-ins] and they are willfully proceeding with fraudulent litigation based upon these lies."

14. On June 3, 2021, Mr. Spencer sent an email to Plaintiffs' Counsel titled "20-day Defamation Notice pursuant to NRS 25-840.01". A copy of this email is attached hereto as Exhibit H, and is filed under seal. This email states that "[y]our clients have committed and continue to commit defamation in violation of their contracts and Nebraska law to defame my clients and to garner support and opt-ins for their case." Although the email does not identify specific dates and the manner in which the alleged defamatory statements were made, as required by NRS 25-840.01,[5] it demands retraction of "all these

---

[5] NRS 25-840.01provides that "[i]n an action for damages for the publication of a libel . . . [w]ithin twenty days after knowledge of the publication, plaintiff shall have given each defendant a notice by certified or registered mail specifying the statements claimed to be libelous or to have invaded privacy as provided by section 20-204 and specifically requesting correction." Here, Defendants do not specify where, when (or whether) the allegedly defamatory statements were made in writing. If the statements were made more than 20 days ago and Defendants knew about them, their demands are untimely. Finally, Defendants made their demand by email, rather than by mail.

defamatory allegations in writing within 20 days by your clients. Alternatively, all statutorily permissible claims will be added to Claimants' Second Amended Complaint to be filed with AAA on behalf of Club Omaha, Mr. Harrington and Mr. Contreras."

Signed under pains and penalties of perjury this 28th day of June, 2021.

    /s/Olena Savytska_____

Olena Savytska