# Exhibit E

# Olena Savytska

| | |
|---|---|
| **From:** | Evan Spencer <evan@evanspenceresq.com> |
| **Sent:** | Thursday, June 24, 2021 2:56 AM |
| **To:** | Olena Savytska; Harold Lichten |
| **Cc:** | Cc: |
| **Subject:** | Grove v. Meltech - Joint Status Report |
| **Attachments:** | Notice to Take Depositions 5.14.21.docx; FRCP Rule 33 Interrogatories 5.14.21.docx; FRCP Rule 34 Demands 5.14.21.docx |

Olena,

The court has ordered that we enter another joint status report. There are only a few points of contention from our April 30, 2021, status report that we need to review before submitting another but it's clear we will need assistance from the Magistrate.

1) <u>Motion for Class Certification</u>: The status report states that discovery must be completed by August 31, 2021, and that dispositive motions must be filed on or before November 1, 2021. We believe your motion for class certification is a "dispositive motion" and that it was filed prematurely. In any event, we voluntarily request permission to respond to the motion for class certification after discovery but on or before November 1, 2021.

2) <u>Depositions</u>: Before we depose the Plaintiffs and 10 opt-ins requested in our deposition notice we will require responses to all our May 14, 2021 discovery demands which are attached. You have also stated that you will not produce your clients in person for depositions. If you do not, I must insist that they appear in person. The case law is clear, even during Covid, that Plaintiffs are required to appear in person for depositions.

3) <u>Case Progression</u>: Defendants anticipate need to amend pleading to add counter-claims for unjust enrichment based upon Defendants' expert's report recently received. Written discovery must be completed before depositions, so the date of August 31, 2021, can't be the same for written discovery and depositions as depositions take place after and with the aid of written discovery. Defendants plan to call one or more experts including but not limited to economist Stan Smith. Page 7 paragraph two requests this information.

Please advise how you suggest to resolve these issues. We may need to extend these dates because it's almost July already and we have committed to completing all discovery by the end of August. Since discovery motions are not permitted without the express permission of the court, please let us know where you stand on all three of these issues and let us know if anything else in the joint status report needs to be modified. If we cannot agree we must contact the Magistrate for guidance.

Evan Spencer
Attorney at Law
305 Broadway, 7th Floor
New York, NY 10007
Tel. 917.547.4665
Evan@EvanSpencerEsq.com
EvanSpencerEsq.com

1