UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA GROVE and<br>CHRYSTINA WINCHELL,<br>individually and on behalf<br>of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MELTECH, INC.,<br>H&S CLUB OMAHA, INC.,<br>SHANE HARRINGTON, and<br>BRAD CONTRERAS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  NO. 8:20-CV-00193-JFB-MDN<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION
FOR APPROVAL OF FLSA SETTLEMENT**

**I.   INTRODUCTION**

Plaintiffs Andrea Grove and Chrystina Winchell ("Plaintiffs") hereby respectfully requests the Court's approval of the FLSA settlement reached by the Plaintiffs and Defendants Meltech, Inc., H&S Club Omaha, Inc., Shane Harrington and Brad Contreras ( "Defendants").[1] This Settlement resolves the claims of the Plaintiffs and opt-ins under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the Nebraska Wage and Hour Act ("NWHA") for a total of $150,000.00,[2] and is the result of two settlement conferences before Magistrate Judge

---

[1] The Settlement Agreement is attached hereto as Exhibit 1.

[2] Plaintiff Andrea Grove is receiving a separate payment of $10,000.00 in exchange for a release of her claims before the NEOC. Plaintiff Grove filed a complaint with the Nebraska Equal Opportunity Commission ("NEOC") on February 18, 2020.

Nelson. As detailed below, this proposed resolution of the Plaintiff and opt-ins' claims is fair and reasonable and warrants judicial approval.

## II.     FACTUAL BACKGROUND

Plaintiff Andrea Grove filed this case on May 26, 2020, asserting claims for unpaid minimum wage and overtime and unlawful fees and tip-outs under the Fair Labor Standards Act ("FLSA" and Nebraska Wage and Hour Act ("NWHA"). Dkt. 1. This case was vigorously litigated, with extensive motion practice on both sides, for a year. Declaration of Olena Savytska, attached as Exhibit 2, ¶ 5. In May 2021, the Parties agreed to stay the case for purposes of exploring court-sponsored mediation. Id. ¶ 6.

The Parties' first mediation session before Judge Nelson took place on June 22 and 23, 2021. Savytska Decl. ¶ 7. Ahead of the Parties' first mediation session, counsel for Defendants provided information reflecting the shifts worked by Plaintiffs and opt-ins at Club Omaha, and Plaintiffs' Counsel prepared a detailed damages estimate based on their records and the records provided by Defendants. Id. ¶ 8. The mediation did not result in a settlement. Id. ¶ 9.

Following several weeks during which the Parties exchanged written discovery and during which Plaintiffs' and opt-ins' depositions took place, the Parties further discussed the possibility of settlement and agreed to attend a second mediation session before Judge Nelson, set for September 15, 2021. Savytska Decl. ¶ 10. As a result of the settlement Conference, the Parties agreed to settle the claims of Plaintiff and the opt-ins. Id. ¶ 11. There are a total of 16 individuals - Plaintiffs and opt-ins - who are currently a part of this case and who are covered by the Settlement Agreement reached by the Parties. Id.

### III.  ARGUMENT

As discussed below, because the Settlement reached by the Parties represents a fair and reasonable resolution of a *bona fide* dispute, the Court should enter the accompanying proposed order approving the Settlement of the Plaintiffs' and opt-ins' FLSA and NWHA claims, approving a service award of $2,000 to Plaintiff Grove and $3,000 to Plaintiff Winchell, and approving the award of attorneys' fees and costs in the amount of $50,000.00.

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, generally, are not subject to bargaining, waiver, or modification by contract or private settlement. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). Cheeks v. Freeport Pancake H., Inc., 796 F.3d 199, 206 (2d Cir. 2015); Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982). "Requiring judicial or DOL approval of such settlements is consistent with what both the Supreme Court and our Court have long recognized as the FLSA's underlying purpose: 'to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.'" Cheeks, 796 F.3d at 206 (quoting A.H. Phillips, Inc. v. Walling, 324 U.S. 490, 493 (1945)).

In evaluating a proposed FLSA settlement, the Court must determine whether the settlement "represents a fair compromise of a bona fide wage and hour dispute." Harris v. Chipotle

Mexican Grill, Inc., 2018 WL 617972, at *4 (D. Minn. Jan. 29, 2018) (citation omitted); see also King v. Raineri Const., LLC, 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015) (citing Fry v. Accent Mktg. Servs., L.L.C., No. 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014) ("A district court may only approve an FLSA settlement agreement after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties."); Stainbrook v. Minnesota Dept. of Pub. Safety, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017) (same); Valencia v. Greater Omaha Packing, 8:08CV161, 2014 WL 284461, at *2 (D. Neb. Jan. 23, 2014) (same). Importantly, the standard for approval of an FLSA settlement is lower than that for a Rule 23 settlement: "an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement," since "[p]arties may elect to opt in to an FLSA collective, but the failure to do so does not prevent them from bringing their own suits at a later date." Diaz v. Scores Holding Co., Inc., 2011 WL 6399468, at *2 (S.D.N.Y. July 11, 2011).

"A settlement is bona fide if it reflects a reasonable compromise over issues actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under FLSA." King, 2015 WL 631253, at *2 (citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 115 (1946); Brooklyn Sav. Bank, 324 U.S. at 707). Thus, for example, a settlement "is the product of contested litigation where the parties dispute the amount of overtime hours Plaintiff actually worked and whether defendants refused to pay for mandatory work hours." Boland v. Baue Funeral Home Co., 2015 WL 7300507, at *2 (E.D. Mo. Nov. 18, 2015).

In this case, there were several important points of contention between the Parties. First, and most importantly, Defendants contend Plaintiffs and opt-ins were properly classified as independent contractors and thus were not subject to the FLSA's minimum wage and overtime protections. Savytska Decl. ¶ 14. Defendants have also argued that Plaintiffs' and opt-ins' claims

4

must be pursued in individual arbitration rather than a class and collective action in court. Id. Defendants have also contended that Plaintiffs and opt-ins are not entitled to recover the fees and tips they paid to Defendants under the FLSA, and that, on many occasions, the dancers' earnings exceeded minimum wage. Id. In sum, the settlement reached in this case represents a reasonable compromise of a *bona fide* dispute.

The settlement reached by the Parties is also fair and reasonable. The Eighth Circuit has not definitively set out FLSA-specific criteria to use when assessing the fairness and reasonableness of a proposed settlement agreement. However, district courts have looked to the following factors when evaluating a settlement under the FLSA: the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any "overreaching" by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case. King, 2015 WL 631253, at *2. An analysis of these factors in the present case suggests that the settlement is fair and reasonable.

This settlement was the product of arm's length negotiations, and was reached after a year of contentious litigation, and following two settlement conferences held before Magistrate Judge Nelson. The settlement reached by the Parties followed an exchange of documents and a thorough damages analysis by Plaintiffs' Counsel. The $160,000.00 gross settlement amount in this case takes into account the financial condition of the Defendants, the ongoing challenges posed to Defendants' business by the COVID-19 pandemic, and the various contested legal issues in this case, and represents an excellent recovery for Plaintiffs and opt-ins, particularly given the numerous and hotly contested issues in this case. See Savytska Decl., ¶¶ 13-15. Plaintiffs and the opt-ins are receiving a significant recovery as part of the settlement – the average settlement share,

5

based on the number of weeks dancers worked for Defendants, is in excess of $5,000.00. Id. ¶ 15. Plaintiffs' Counsel in this case are highly experienced in class and collective action litigation, have worked on dozens of misclassification cases around the country for many years. Id. ¶¶ 2-4. Plaintiffs' and the opt-ins' success in this case was not certain, first, in light of the various potential defenses asserted by Defendants, as described above, and second, in light of Defendants' financial condition, exacerbated by the COVID-19 pandemic, which may have resulted in *no* recovery to Plaintiffs and opt-ins had the case gone on through the litigation process. Id. ¶¶ 13-14. For these reasons, the settlement reached by the Parties in this case is fair and reasonable.

The proposed allocation of the settlement award among Plaintiffs and the opt-ins is also fair and reasonable and should be approved. See In re Dell, 2010 WL 2371834, at *10 (W.D. Tex. June 11, 2010) ("The allocation formula need only have a reasonable, rational basis, particularly if recommended by 'experienced and competent' class counsel.") (quoting In re Am. Bank Note Holographics, Inc., 127 F. Supp. 2d 418, 429–30 (S.D.N.Y. 2001) (citations omitted)); see also Chaverria v. New York Airport Serv., LLC, 875 F. Supp. 2d. 164 (E.D.N.Y. 2012) ("As a general rule, the adequacy of an allocation plan turns on whether counsel has properly apprised itself of the merits of all claims, and whether the proposed apportionment is fair and reasonable in light of that information.") (citations omitted). Plaintiff Grove will be receiving a $10,000.00 payment in exchange for dismissing her claims before the NEOC. Savytska Decl. ¶ 16. Plaintiffs Grove and Winchell will receive $5,000.00 each as compensation for their retaliation claims. Id. Plaintiff Winchell will be receiving a service award of $3,000.00, and Plaintiff Grove will receive a service award of $2,000.00, in recognition of their role in providing documents, participating in the

6

mediation sessions, and maintaining regular correspondence with Plaintiffs' Counsel.[3] Id. ¶¶ 17-18. The remainder of the net settlement amount will be allocated among the Plaintiffs and opt-ins based on the number of weeks they worked for Defendants between May 2017 and the present. Id. ¶ 15, Ex. A. This plan of allocation is appropriate: "[a] plan of allocation that reimburses class members based on the extent of their injuries is generally reasonable." In re Oracle Sec. Litig., 1994 WL 502054, at *1 (N.D. Cal. June 18, 1994). Thus, Plaintiffs' proposed allocation plan should be approved.

A plaintiff in a FLSA case may recover his/her attorneys' fees and expenses under the statute's fee-shifting provision. See 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); Lochridge v. Lindsey Mgt. Co., Inc., 824 F.3d 780, 782 (8th Cir. 2016). In this case, Plaintiffs' Counsel will receive $50,000.00 in fees and costs as part of the Settlement. Settlement Agreement ¶ 12. This amount represents one-third contingency fee provided for in the retainer agreement for this case,[4] and it fairly compensates Plaintiffs' Counsel for the work performed and result obtained in this case. The $50.000.00 is inclusive of

---

[3] Service awards are routinely approved in wage and hour cases. See Caligiuri v. Symantec Corp., 855 F.3d 860, 867-68 (8th Cir. 2017) (approving $10,000 service awards to named plaintiffs and affirming that "courts in this circuit regularly grant service awards of $10,000 or greater.").

[4] A one-third attorneys' fee is reasonable in actions of this nature. In fact, courts in this Circuit and across the country routinely award a one-third fee in other class and collective actions. See, e.g., In re U.S. Bancorp Litig., 291 F.3d 1035, 1038 (8th Cir. 2002) (concluding that a district court's attorney fee award of 36% of a class action settlement fund was not an abuse of discretion); Yarrington v. Solvay Pharm., Inc., 697 F. Supp. 2d 1057, 1061 (D.Minn.2010) (finding that an award of 36% of a class action settlement fund was "in line with the range of fees approved by the Eighth Circuit"); Fees within this range are "presumptively reasonable." Vaszlavik v. Storage Tech. Corp., 2000 WL 1268824, *4 (D. Colo. March 9, 2000).

Plaintiffs' Counsel's fees and costs in this case, and the Court's previous award of fees and costs in the amount of $4,865.00. Settlement Agreement ¶ 12. To date, Plaintiffs' Counsel have spent more than 400 hours, for a collective lodestar of $137,725.00, investigating and drafting the Complaint, reviewing client documents, briefing multiple motions, attending depositions, preparing discovery responses, preparing a mediation statement, and preparing a detailed damages estimate. Savytska Decl. ¶¶ 19-20. They have also incurred $2,594.98 in costs as part of this case. Id. ¶ 21. Thus, the $50,000.00 fee request is reasonable and should be approved by the Court.

## IV. CONCLUSION

Because the Settlement reached by the Parties is fair and reasonable, Plaintiffs respectfully request that the Court issue an order: 1) granting approval of the proposed Settlement Agreement; 2) approving a service award of $2,000 to Plaintiff Grove and $3,000 to Plaintiff Winchell, and 3) approving the award of attorneys' fees and costs in the amount of $50,000.00.

DATED: November 4, 2021

Respectfully submitted,

ANDREA GROVE, and
CHRYSTINA WINCHELL,
on behalf of themselves
and all others similarly situated,

By their attorneys,

/s/ Olena Savytska
Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
osavytska@llrlaw.com

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 4 day of November, 2021, a copy of the foregoing document was filed electronically through the Court's CM/ECF system, which will send notice of this filing to all counsel of record.

                                        /s/ Olena Savytska
                                        Olena Savytska, Esq.