IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA GROVE, individually and on behalf of similarly situated individuals; and CHRYSTINA WINCHELL, individually and on behalf of similarly situated individuals;<br><br>Plaintiffs,<br><br>vs.<br><br>MELTECH, Inc.; H&S CLUB OMAHA, INC., and SHANE HARRINGTON,<br><br>Defendants. | 8:20CV193<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the plaintiff's unopposed motion for approval of a class action settlement, Filing No. 251. Plaintiffs Andrea Grove and Chrystina Winchell seek approval of a settlement agreement between the plaintiffs, as representative of a conditional collective class, and defendants Meltech, Inc., H&S Club Omaha, Inc., Shane Harrington, and Brad Contreras. The settlement resolves the claims of the plaintiffs and opt-ins under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the Nebraska Wage and Hour Act ("NWHA").

I.   BACKGROUND

On December 3, 2020, this Court conditionally certified a collective action under 29 U.S.C. § 216 and Neb. Rev. Stat. § 48-1201 consisting of "[a]ll individuals who currently work and/or previously worked at Club Omaha as exotic dancers and were classified as independent contractors at any time in the three years preceding [December 3, 2020]." Filing No. 85, Memorandum and Order at 3. The Court ordered the defendants to provide the names and addresses of all such individuals and authorized notice to potential class members to afford them an opportunity to opt into this action to pursue

1

their claims against the defendant for overtime pay. *Id.* Several present, or former, employees opted into the collective action. Filing No. 253-2, Ex. 2, Declaration of Olena Savytska ("Savytska Decl."), Ex. A, Settlement Shares.

The parties have agreed to settle their FLSA and NWPCA claims and those of the opt-ins as a result of two settlement conferences before Magistrate Judge Michael Nelson. The Settlement Agreement provides compensation in the total amount of $160,000.00 to the settlement class, which is comprised of sixteen individuals. Filing No. 253-1, Ex. 1, Settlement Agreement at 1-2. *Id.* The agreement provides for an award of attorney's fees and costs in the amount to $50,000.00. *Id.* at 2. The agreement also provides for service awards of $2,000 to plaintiff Grove and $3,000 to plaintiff Winchell. Additionally, plaintiff Grove is to receive $10,000.00 in exchange for dismissal of her claims pending before the NEOC, and plaintiffs Grove and Winchell will also receive $5,000.00 each in compensation for the retaliation claims they have asserted in this case. *Id.* at 2; Filing No. 253-2, Ex. 2, Savytska Decl. at 4. The average settlement share, based on the number of weeks the dancers worked for the defendants during the relevant time period, is over of $5,000.00, with individual dancers receiving between $397.00 and $14,565.00. Filing No. 253-2, Ex. 2, Savytska Decl. at 4; *id.*, Ex. A.

The plaintiffs have shown that collective class counsel's law firm, Lichten and Liss-Riordan, is a Boston-based labor and employment firm with a focus on wage and hour class actions. Filing No. 253-2, Ex. 2, Savytska Decl. at 1. Counsel Olena Savytska is a 2015 graduate of Columbia Law School, and has worked at LLR since graduation, focusing on FLSA collective actions. *Id.* at 2. Counsel Harold Lichten, a founding partner at LLR, is a 1977 graduate of New York University School of Law and has been a labor and employment attorney for over 40 years. *Id.* Since 2005, Mr. Lichten has developed

2

a particular specialty in the field of the misclassification of employees as independent contractors. *Id.* Mr. Lichten and Ms. Savytska currently serve as lead or co-lead counsel in many labor and employment class and collective action cases in federal courts around the country, including unpaid overtime cases similar to this case. *Id.*

Based on its familiarity with the case, the Court finds this case was vigorously and tenaciously litigated, with extensive motion practice on both sides, since its inception. The record shows that the action was stayed for a time to enable the parties to explore court-sponsored mediation. *Id.* at 2. The parties participated in mediation with Judge Nelson on June 22 and 23, 2021. *Id.* Before the first mediation session, defendants provided information on the plaintiffs and opt-ins shifts at Club Omaha, and the plaintiffs prepared detailed damages estimates based on that information. *Id.* The June mediation did not result in a settlement and for several weeks thereafter the parties exchanged written discovery and the plaintiffs and opt-ins were deposed. *Id.* The parties then participated in a second mediation session and agreed to settle the claims. *Id.* at 2-3.

The plaintiffs' counsel represents to the Court that the settlement reached by the parties is an excellent result for the collective class for the FLSA and NWHA misclassification, unpaid minimum wage and overtime, and unlawful tip-out claims. *Id.* at 3. Plaintiffs' counsel considered a variety of factors in assessing the fairness and reasonableness of the settlement, including the defendants' financial condition, the ongoing challenges posed to the defendants' business by the COVID-19 pandemic, and the various contested legal issues in the case. *Id.* Plaintiffs' counsel also states that the Settlement Agreement offers significant advantages over the continued prosecution of this contested case, since defendants continue to maintain that the plaintiffs and the opt-ins were properly classified as independent contractors and thus were not subject to the

FLSA's minimum wage and overtime protections. *Id.* Defendants also argue that the collective claims must be pursued in individual arbitration, that the plaintiffs and opt-ins are not entitled to recover the fees and tips they paid to defendants under the FLSA, and that the dancers' earnings exceeded minimum wage on many occasions. *Id.* If the defendants were to prevail on any of these arguments, recovery would be severely limited. *Id.*

The plaintiffs have shown that counsel expended 409.4 hours at rates between $350 and $600 per hour for attorneys and $150 per hour for paralegals to prosecute the case, incurring fees over $137,000. They also incurred expenses litigating the case in the amount of $2,594.98. In view of those circumstances, an award of $50,000 is reasonable.

II. LAW

At the conditional certification stage, courts apply a lenient standard. *Del Toro v. Centene Mgmt. Co., LLC*, No. 4:19-CV-02635-JAR, 2020 WL 2085650, at *2 (E.D. Mo. Apr. 30, 2020). "'Then, at the second stage—near or after the close of discovery—'the court makes a factual determination as to whether the members of the conditionally certified class are similarly situated' and makes the associated legal determination as to whether the members may proceed as a formal class.'" *Id.* (quoting *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005)).

Under 29 U.S.C.A. § 216, the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them, or in a private FLSA enforcement action, district courts may approve settlements resulting from contested litigation over a bona fide dispute between the parties. *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th

Cir. 1982); *see* 29 U.S.C.A. § 216(b)&(c). The Court should approve a private settlement only "after scrutinizing the settlement for fairness." *Id.*

The standard for court approval is straightforward: A district court should approve a fair and reasonable settlement if it was reached as a result of contested litigation to resolve a bona fide dispute under the FLSA. *Id.* at 1354. Typically, courts rely on the adversarial nature of a litigated FLSA case resulting in an arms' length settlement as indicia of fairness. *Id.* If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* "In evaluating the settlement, the Court 'should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.'" *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) (quoting Fed. Judicial Ctr., Manual for Complex Litig. § 30.42 at 240 (3d. ed.1997)).

III. DISCUSSION

The Court first finds that the members of the conditionally certified class are similarly situated and the class members may proceed as a formal settlement class. The Court next finds that the parties' settlement is a reasonable resolution of a bona fide dispute in contested litigation. The settlement class alleges that defendant failed to pay wages required under the FLSA and the defendants deny any wrongdoing and maintain they complied at all times with the FLSA.

In view of the circumstances, the Court finds the settlement agreement should be approved, especially in the light of the contentiousness of the parties' positions, the

benefits to the Settlement Class members, the discovery and investigation prior to the parties' settlement, and the complexity, expense, risk, and probable protracted duration of further litigation. The Court also finds that the consideration provided under the Settlement Agreement constitutes reasonable and fair value given in exchange for the release of claims against the defendants considering the disputed issues, circumstances, defenses, and the potential risks and likelihood of success of pursuing litigation. The Court finds the settlement represents a significant recovery for the plaintiffs and opt-ins. The Court approves the settlement in accordance with the FLSA. 29 U.S.C. § 217.

The parties have shown in this case that a full and fair compromise at this juncture is more beneficial to the class members and the defendants, given the time, expense, and uncertainty of further litigation. The Settlement Agreement obviates the real risks to both parties that are inherent the continued litigation of the matter.

The parties have shown the Settlement Agreement is the product of arm's-length negotiations by experienced counsel and it provides meaningful monetary relief to the Settlement Class. The Settlement Agreement offers class members a settlement payment amount that is proportionate to the time they spent working for the defendants. Also, the defendants do not dispute that the collective class representatives materially assisted in the initiation of this action and provided valuable assistance to collective class counsel. The Court finds Plaintiffs Grove and Winchell have played an instrumental role in this case, and have been closely involved in the litigation throughout the past year and a half. The plaintiffs have provided documents, participated in the mediation sessions, and maintained regular correspondence with class counsel. Service awards of $2,000.00 and $3,000.00 are appropriate in recognition of efforts to pursue the claims on behalf of

the settlement class. Further, in view of the size of the attorney fee amount, an award of fees and costs in the amount of $50,000.00 is reasonable and necessary in this litigation.

IT IS ORDERED:

1. The plaintiffs' unopposed motion for approval of the parties' collective class settlement is granted.

2. A collective settlement class consisting of "[a]ll individuals who currently work and/or previously worked at Club Omaha as exotic dancers and were classified as independent contractors at any time in the three years preceding [December 3, 2020]" is certified.

3. The parties Settlement Agreement (Filing No. 253-1) is approved and is incorporated herein as if fully set forth.

4. Service awards of $2,000.00 to plaintiff Andrea Grove and $3,000.00 to plaintiff Chrystina Winchell are approved.

5. Attorneys' fees and costs in the amount of $50,000.00 are approved.

6. The Court retains jurisdiction to enforce the terms of the agreement.

7. A judgment in accordance with this memorandum and order will be entered.

Dated this 12th day of January 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge